*In re* ESTATE OF HENRY GRAVES, Deceased.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. INHERITANCE TAX—*descent of property is regulated entirely by statute.* The descent of property in this State, whether by inheritance or devise, is regulated entirely by statutory provisions, and under the Inheritance Tax law property so passing, whether under the Statute of Wills or the Statute of Descent, is subject to a tax, at certain specified rates, on the fair market value thereof, which shall be due at the death of the decedent.

2. SAME—*property is subject only to indebtedness of decedent and expenses of administration.* All property owned by a person at his death passes either under the Statute of Descent or the Statute of Wills, but in either case it passes subject to the indebtedness of the decedent and the expenses of administration, but to no other charges.

3. SAME—*inheritance tax accrues upon the death of decedent.* An inheritance tax is a tax upon the right of succession and not upon the estate of the decedent, and it accrues at the same time the estate vests,—that is, upon the death of the decedent.

4. SAME—*questions concerning inheritance tax are determined as of date of decedent's death.* No changes of title, transfers or agreements of those who succeed to an estate, either among themselves or with strangers, can affect the inheritance tax, and all questions concerning such tax must be determined as of the date of the decedent's death.

5. SAME—*value which passes is the market value, less indebtedness of deceased and expenses of administration.* Under the Inheritance Tax law the value of the estate which passes by descent or devise is the value ascertained by appraisement under the provisions of such law, less indebtedness of decedent and the expenses of administration; and such fair market value as so ascertained fixes the basis of the tax, and it is not affected by litigation between those who succeed to the estate as to their respective rights or between different claimants of interests.

6. SAME—*moneys lawfully expended by executors in defending suit is part of cost of administration.* Money lawfully expended by executors in defending a suit to contest a will is a part of the expenses of administration and may be deducted from the value of the estate which is subject to the inheritance tax; but money paid out by them by virtue of an agreement among residuary legatees to compromise a threatened suit is no part of the expenses of administration.

7. SAME—*when an amount paid by executors to compromise a threatened suit is taxable to residuary legatees.* Where the entire residuary estate vests in the residuary legatees at the death of the testator, whose will disposed of his entire estate without mentioning a certain heir, no beneficial interest passes to such heir under any statute, and if the residuary legatees agree to pay her a certain sum if she will not contest the will, such sum, when paid to her by the executors as agreed, is taxable, under the Inheritance Tax law, to the residuary legatees and not to the heir.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

HOLLAND & ELLIOTT, for appellants:

Section 11 of the Inheritance Tax statute provides that the cash value of the legatee's or heir's interest shall be the basis of assessing the tax against him. Hurd's Stat. 1908, p. 1822.

The cash value of the interest of the residuary legatee is diminished by a contest as to the validity of the will on which his rights rest. *Connell* v. *Crosby,* 210 Ill. 380.

Where a contest between heirs and legatees as to the validity of the will is settled and compromised by a division of the estate between them, each should be taxed on the portion of the estate received, and it is improper to tax the legatees upon the entire estate. *Pepper's Estate,* 159 Pa. St. 508; *Kerr's Estate,* 159 id. 512.

The Inheritance Tax statute imposes a special tax and burden, and it should therefore be construed strictly against the State and in favor of the tax-payer. *People* v. *Koenig,* 85 Pac. Rep. 1129; *Matter of Euston,* 113 N. Y. 174; *Eidman* v. *Mortimer,* 184 U. S. 578; *United States* v. *Wiggleworth,* 2 Story, 369; *Matter of Kennedy,* 113 N. Y. App. Div. 4; *Matter of Miller,* 77 id. 473.

The imposition of a tax against the legatees, not merely on the amount of the estate received by them but also on the amount paid to the heir to withdraw objections to the will, is an injustice, in that the legatees are subjected to a double

burden and the heir not taxed at all. Construing the statute strictly in favor of the tax-payer, there is nothing in its provisions requiring or authorizing such a tax.

W. H. STEAD, Attorney General, and WALTER K. LINCOLN, Inheritance Tax Attorney, for appellee:

The law of wills and descent in force in this State arbitrarily governs the transmission of and succession to property passing thereby. *Kochersperger* v. *Drake,* 167 Ill. 122; *Billings* v. *People,* 189 id. 472.

The "succession" to all property passing by will or intestate law of this State is taxable under and according to the provisions of the Inheritance Tax law. *Kochersperger* v. *Drake,* 167 Ill. 122; *Billings* v. *People,* 189 id. 472; *Magoun* v. *Savings Bank,* 170 U. S. 283; *In re Cook,* 79 N. E. Rep. 991; *People* v. *Knight,* 174 N. Y. 482.

A "deduction" is, among other things, properly definable as a charge or debt attaching, prior to death, to the property or person of a decedent, or a necessary expense of administration, for which decedent's estate is liable for the satisfaction thereof. *Connell* v. *Crosby,* 210 Ill. 380; *In re Westurn,* 152 N. Y. 93.

The tax is fixed and accrues as of the date of death. The inquiry must be as of that time. Hurd's Stat. 1908, chap. 120, sec. 3; *Ayers* v. *Trust Co.* 187 Ill. 42; *Connell* v. *Crosby,* 210 id. 380.

The devolution of property and the right of the State to the tax on the succession thereto have their origin at the same moment of time. Hurd's Stat. 1908, chap. 120, sec. 3; *In re Westurn,* 152 N. Y. 102; *Shephard* v. *Carriel,* 19 Ill. 313; *Brack* v. *Boyd,* 202 id. 440.

The interests of the residuary legatees were fixed at the moment of death of Henry Graves, subject only to debts, legacies and administration. *Shephard* v. *Carriel,* 19 Ill. 213; *Brack* v. *Boyd,* 202 id. 440; *In re Westurn,* 152 N. Y. 93; Hurd's Stat. 1908, chap. 120, sec. 3.

Beneficiaries or heirs of a decedent cannot avoid the payment of an inheritance tax by trading among themselves. *Harrison* v. *Johnston,* 109 Tenn. 245.

Money paid a contestant to withdraw his contest of a will is not a good deduction. *Matter of Marks,* 82 N. Y. Sup. 803.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the executors of the will of Henry Graves, deceased, from a judgment of the county court of Cook county fixing the amount of inheritance tax payable by them.

Henry Graves died testate October 3, 1907, leaving as his only heir a grand-niece, Louise DeKoven Bowen, who was not mentioned in his will. She threatened to contest the validity of the will, and thereupon all the residuary legatees agreed among themselves that two of their number, Henry Graves and John C. Neely, who were named in the will as executors, should pay to her $50,000 out of the assets of the estate to withdraw her opposition to the will and relinquish her claim to the estate. Afterward Mrs. Bowen entered into an agreement with Graves and Neely to accept the $50,000 and withdraw her opposition to the will. Accordingly the will was admitted to probate. Graves and Neely qualified as executors and paid Mrs. Bowen $50,-000 out of the assets of the estate, and Mrs. Bowen transferred to them all her interest in the estate and covenanted not to begin any proceedings to interfere with said will or their execution thereof.

The cause was submitted to the county court upon an agreed case made under section 103 of the Practice act. Among the points of law was the question whether the sum of $50,000 paid to Mrs. Bowen was taxable as going to her or as going to the residuary legatees. The court held that it was taxable as going to the residuary legatees

and fixed the amount of the tax. The only question presented on this appeal is whether this sum was taxable to the residuary legatees.

The descent of property in this State, whether by inheritance or devise, is regulated entirely by statutory provisions. (*Kochersperger* v. *Drake,* 167 Ill. 122.) All the property owned by any person at his decease passes either under the Statute of Descent, to the persons mentioned in that statute, or under the Statute of Wills, to his devisees. In either event it passes subject to the indebtedness of the decedent and the expenses of administration, and to no other charges. The Inheritance Tax law provides that all property so descending, whether under the Statute of Wills or the Statute of Descent, shall be subject to a tax at certain specified rates at the fair market value thereof, which shall be due at the death of the decedent. The tax is not upon the estate of the decedent but upon the right of succession, and it accrues at the same time the estate vests,— that is, upon the death of the decedent. Questions may arise as to the persons in whom the title vests, and such questions may affect the amount of the tax and the person whose estate shall be chargeable with it; but when those questions are finally determined their determination relates to the time of the decedent's death. No changes of title, transfers or agreements of those who succeed to the estate, among themselves or with strangers, can affect the tax. All questions concerning it must be determined as of the date of the decedent's death.

It is insisted that the value of the residuary estate is diminished by the adverse claim of the contesting heir, and that the payment of $50,000 made in good faith upon reasonable grounds for the settlement of such claim should therefore be deducted in fixing the value of the estate. The statute requires all the property of the estate to be appraised at its fair market value. The value of the estate which passes is the value so ascertained less the indebted-

ness of the decedent and the expenses of administration. Whatever litigation may occur between those who succeed to the estate as to their respective rights, or between different claimants of interests, cannot affect such value. The fair market value so ascertained is the basis upon which the amount of the tax must be fixed. Unjust claims may be made against those succeeding to the estate and they may be put to great expense in defending their property, but the value of the property or of their respective interests in the property is not thereby affected.

The case of *Connell* v. *Crosby,* 210 Ill. 380, is cited to sustain the deduction of the $50,000 payment. The $12,363.65 deducted in that suit was for lawful expenses incurred by the executors in successfully defending a suit brought to contest the will. Such expenses are a part of the expenses of administration. Executors have no authority to make a payment of the character of that made in this case. The payment was made by virtue of the agreement among the residuary legatees and was no part of the expenses of administration.

It is argued that the amount paid in compromise of the threatened litigation diminished the value of the estate as much as if it had been paid in attorneys' fees. While the result to the residuary legatees may have been the same, the amount of the beneficial interest which passed to them under the will was not affected by the fact that they used a portion of the amount which did so pass in the defense against or settlement of an assault upon their title. Moneys lawfully paid by the executors in such defense stand on a different footing, because the beneficial interest which passes under a will is only what remains after the payment of the indebtedness of the estate and expenses of administration.

It is argued that the heir received the sum of $50,000 as the value of her interest in the estate by virtue of the fact that she was heir, and that it therefore passed by descent. In fact, however, she received nothing as heir. She

received nothing from the estate. No beneficial interest passed to her under any statute. The money was paid to her by virtue of a contract with the heirs. Henry Graves died testate. His will disposed of all his estate. The whole of the residuary estate vested, at the instant of his death, in the residuary legatees. The inheritance tax was then due and payable. The beneficial interest in the property then passed to the legatees and their succession gave rise to the tax. Subsequent events did not affect it. (*In re·Cooke,* 187 N. Y. 253.) The contrary view is held by the Supreme Court of Pennsylvania in *Pepper's Estate,* 159 Pa. St. 508, and *Kerr's Estate,* id. 512, but we cannot assent to the reasoning or the conclusion in those cases.

The judgment of the county court is affirmed.

*Judgment affirmed.*