(No. 17466.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs.
CYRUS H. McCORMICK et al. Appellants.

*Opinion filed October 22, 1927—Rehearing denied Dec. 17, 1927.*

1. INHERITANCE TAX—*principle upon which the tax is assessed.* The underlying principle of an inheritance tax is that, as property interests are allowed to pass at the death of the owner by permission and provision of legislative acts, the legislature therefore may provide for a tax on the privilege of acquiring or succeeding to the property rights of the deceased, and it is only property rights acquired by death that are subject to an inheritance tax.

2. SAME—*general rule as to when transfer is taxable—trust.* To be taxable a transfer made by the owner prior to his death must have been made in contemplation of death or it must take effect only upon the death of the owner, and if the right of possession or enjoyment passes at the time of the execution of the instrument the transfer is not taxable notwithstanding the actual possession and enjoyment must await the donor's death, as where the transfer is in the form of a trust, with a provision for accumulation of the income during the donor's lifetime.

3. SAME—*what constitutes a beneficial interest in an estate.* A beneficial interest, when considered as a designation of the character of an estate, is such an interest as a devisee, legatee or donee takes solely for his own use or benefit and not as a holder of the title for the use and benefit of another.

4. SAME—*when interest of beneficiaries in trust estate is taxable as taking effect at donor's death.* Where a donor by deed of trust sets aside a portion of her estate, the income during her lifetime to be distributed to certain charities which she may designate from time to time, with a provision that at the death of the donor the net income is to be paid over to her three children for their lives, the interest of the children is subject to inheritance tax as taking effect only at the death of the donor, although the trust was not made in contemplation of death, where provision is made for termination of the trust by the donor and for the return of the estate to her should she survive her children, as the interests of the children cannot be fixed and determined until the donor's death.

5. SAME—*statute in force at the donor's death controls tax rate.* Where beneficial interests in a trust estate created five years prior to the donor's death are taxable as taking effect only at the death of the donor the tax accrues at the donor's death, when the interests of the beneficiaries become fixed and determined; and the

statute in force at that time governs the rate of tax and not the statute in force when the deed of trust was made.

6. SAME—*taxable gift under deed of trust and interest of same beneficiary.under will are not to be separated in crediting exemption.* Where a legatee under a will is also beneficiary of an interest in the testatrix's estate by virtue of a deed of trust, which interest is taxable as taking effect at the donor's death, the two gifts will not be separated in crediting the exemption under the Inheritance Tax act so as to allow an exemption on each gift, as such is not the true construction of the legislative intent, but the entire amount going to the beneficiary will be regarded as but one succession.

7. SAME—*entire Federal estate tax should be deducted although part of property is outside State.* The entire Federal estate tax should be deducted as a part of the cost of administration before computing the inheritance tax, and where part of the decedent's real estate is not located in Illinois the deduction for Federal estate tax should not be reduced by the proportion which the value of the property taxable in Illinois bears to the aggregate value of all property wherever situated, as there is only one administration of the estate in Illinois and the Federal estate tax is a charge of that administration whether or not a second deduction would be allowed in another State.

8. SAME—*tax on residuary legatees should be based on entire residuary estate notwithstanding provision for payment of other taxes out of said estate.* Where a testatrix provides that specific legacies shall go to the legatees in their entirety and that the inheritance tax thereon shall be paid out of the residuary estate, residuary legatees cannot have such taxes deducted from the residuary estate before computing their inheritance tax, as the State is entitled to the entire tax fixed by the entire amount of property passing under the will and is not concerned with the additional burden imposed by the testatrix on the residuary legatees.

9. SAME—*court must have jurisdiction of the person or of the property.* To impose an inheritance tax the court must have jurisdiction either of the beneficiaries or of the property passing, and where a beneficiary under a transfer by deed of trust, whose interest is taxable at the death of the donor, is not notified, either directly or through his trustee, of the proceeding to assess the tax and where the property is in the possession of the trustee, a foreign corporation, the court has no jurisdiction to impose a tax against the trustee on the beneficiary's interest, and other beneficiaries who have life interests in the income of the trust estate may raise the question on appeal, as the tax would be paid out of the trust fund.

APPEAL from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding.

TENNEY, HARDING, SHERMAN & ROGERS, (HORACE KENT TENNEY, GEORGE T. ROGERS, and HENRY F. TENNEY, of counsel,) for appellants.

OSCAR E. CARLSTROM, Attorney General, HARRY A. ASH, and JOSEPH ROLNICK, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the county court of Cook county fixing the inheritance tax in the estate of Nettie Fowler McCormick. Mrs. McCormick died on July 15, 1923, leaving a last will and testament, which, after giving special bequests to individuals amounting to approximately $16,000 and $500,000 to charities, gave the residue to her children, Cyrus H. McCormick, Anita McCormick Blaine and Harold F. McCormick, in equal shares. The will provides that all inheritance taxes should be paid out of the residuary estate. The three residuary legatees above named were named executors of the will and qualified as such. The inheritance tax appraiser found the value of property passing under the will to be approximately eight and a half million dollars. No objection is here made to that finding although objections are made to the computations of tax thereon, which are hereinafter discussed. The county court assessed an inheritance tax against the interest of the three children above named under the will, and also against certain residuary interests in a trust estate created by Mrs. McCormick about five years before her death. The value of that trust estate at the date of the death of Mrs. McCormick was found by the appraiser to have been somewhat over seven million dollars. The court also assessed a tax against the trustee of the trust estate and the interest of Fowler McCormick, son of Harold F. McCormick, in the

trust estate. The three children have appealed as individuals and as executors of the estate.

Appellants base their claim to a reversal on six points: First, that no tax may be assessed against the interest arising by creation of the trust estate on July 27, 1918; second, that the Inheritance Tax law of 1909, which was in force when the transfer was made, has been repealed without a saving clause in the repealing law, so that no tax can be assessed against the transfer; third, that the court erred in adding the interest taken by the appellants under the trust deed to that received by them under the will, thereby causing to be applied a higher rate of taxation; fourth, that the court erred in refusing to deduct the entire Federal estate tax as cost of administration before computing the inheritance tax; fifth, that the court erred in not deducting from the residuary estate under the will, taxes paid on the legacies given by the will before assessing inheritance tax on the residuary legatees; sixth, that the court was without jurisdiction to assess a tax against the United States Trust Company, trustee.

Concerning the first contention of appellants, it appears that on July 27, 1918, Nettie F. McCormick executed a deed of trust to the United States Trust Company of New York, a New York corporation, containing five articles. By the first article she assigns and transfers to the trustee 3783 shares of the capital stock of the McCormick Harvesting Machine Company, together with her interest in a certain indenture in connection therewith, to be held for the purposes set forth in the articles of trust.

By the second article it is provided that so long as the donor lives the net income of the trust estate is to be accumulated and added to the principal, except so much as is necessary for the purposes set out in that article. It is provided as to the purposes for which the fund is to be used, first, that if in any year the net income of the donor from her other estate is less than $250,000 she has the right

to draw upon the fund for the purpose of bringing her personal income to the sum of $250,000. The second provision as to the use of the income is, that the trustee shall from time to time pay out of the net income, for charitable uses and purposes, such sums as the donor shall designate. Charitable uses and purposes are defined to include all religious, educational, relief and missionary work when such terms are used in their broadest sense. It is also provided in this article that on the death of the donor the net income from the estate is to be paid over, one-third to each of the three children of the donor for their lives, and from and after the death of either of the beneficiaries his or her share is to be paid over in accordance with directions contained in his or her will, and in default of such directions then to his or her surviving issue, *per stirpes,* so long as there shall be such issue surviving, in default of such issue then to the beneficiaries entitled to participate in the balance of the income *pro rata.*

By the third article of the deed of trust it is provided: "That the trust estate hereby created shall, at any and the latest event, terminate upon the death of the last survivor of the three children of the party of the first part hereinbefore named. Said party may terminate said trust in whole or in part at any time by the delivery to the trustee of an instrument in writing signed by her and by one or more of her three children hereinbefore named, and after the death of said party of the first part said trust may be terminated in whole or in part at any time by an instrument in writing signed by a majority in interest of the beneficiaries, of lawful age, entitled to share in the net income of the trust estate. * * * Upon the termination of said trust as aforesaid, either in whole or in part, the trust estate as to which said trust shall be so terminated shall be paid over and delivered to the said party of the first part, if she then be living, and in event that she shall not then be living, shall be paid over and distributed as

follows:" This article then provides for a distribution of
the *corpus* of the trust fund among her three children, ap-
pellants here, and if any of them shall not be living, then
the distribution is to be paid over in accordance with the
directions in the will of such deceased child, and in de-
fault of such directions then to his or her issue surviving,
*per stirpes,* and in default of such issue then to the two
other children of the donor or to their issue, *per stirpes.*

The fourth article provides the powers of the trustee.
It is given power to (1) receive and collect all dividends
declared and paid upon the shares of stock, all interest or
other receipts arising out of the *corpus* of the trust fund.
(2) To sell, transfer and assign any and all of the stocks,
bonds and obligations and to invest and re-invest the pro-
ceeds thereof in accordance with the directions of the donor
during her life, or after her death by a majority in inter-
est of the beneficiaries of lawful age, "it being the inten-
tion that no change shall be made by said trustee in the
securities or property held in trust hereunder without the
written direction or approval of the party of the first part
during her life, or a majority in interest of the beneficiaries
of lawful age" after the death of the donor. The trustee
is also empowered to change the securities held under the
trust agreement, and specifies that no one dealing with the
trustee shall be required to ascertain its authority to act.
(3) To exercise voting power upon all the shares of stock,
to give notice, make demand and do every act in respect
to the shares or bonds held by it which it could or might
do if it were the owner of such property. It is provided,
however, that upon a written request of the donor during
her life, or of a majority in interest of the beneficiaries of
lawful age after her death, the trustee is to execute proxies
to whomsoever directed. (4) To receive any and all stock
dividends and other distributions that may be made by any
corporation whose shares of stock are held by the trustee,
provided that the proceeds of the distribution of stock shall

be re-invested in the same manner and shall be considered principal of the trust fund and not income thereof.

By the fifth article the trustee accepts the trust created. This article also provides the compensation of the trustee, its right to secure legal counsel, and for reimbursement for loss and expense. Taxes and assessments and governmental charges are by this article to be paid out of the income before any other payments are made by it. This article also provides that in case of resignation of the trustee, the donor, if alive, and the beneficiaries of lawful age after her death, may appoint its successor.

Appellants contend that this constituted a complete transfer, vesting the interest in the beneficiaries at the time of the execution of the deed of trust and not at the death of the donor. It is also contended by appellants and not disputed by the People, that this deed of trust was not made in contemplation of death. The People contend, however, that it was a transfer intended to take effect in possession or enjoyment at the death of the donor, and therefore, under paragraph 3 of section 1 of the Inheritance Tax act, it is taxable. That paragraph provides a tax on the transfer of property made "by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." (Smith's Stat. 1925, p. 2165.)

Appellants contend that the deed of trust shows by its terms that the transfer was complete at the time of the execution and delivery of the instrument of trust and that the beneficial interest passed to the beneficiaries at that time and vested in them, and that nothing passed on the death of the donor, and that this being true and the deed not being made in contemplation of death, no tax may be assessed. This presents the principal question in the case.

The right of the State to levy an inheritance or transfer tax arises out of the principle that property rights cease

upon the death of the holder thereof. The right of one, therefore, to give his property at death, and the right to receive such property, are not natural rights but are creatures of the statute. The State may therefore levy a tax upon such transfer. The underlying principle of an inheritance tax is, that property interests are allowed to pass at the death of the owner by permission and provision of legislative acts, and that therefore the legislature may provide for a tax on the privilege of acquiring or succeeding to the property rights of the deceased. Unless property rights are so acquired they are not, and cannot be, made subject to an inheritance tax. It will be seen, therefore, that the right of the State to levy an inheritance tax arises out of the laws of descent and devise. The power which creates a right may regulate and impose conditions or burdens on the right created. The death of the former owner is the generating cause from which the taxing power takes being, and since by statute another may be named as successor in ownership, by the same means may a tax be levied on such transfers as become effective by the death of the original owner. Applying, therefore, the language of the statute, the question arises whether the interest of appellants in either the *corpus* or income of the trust estate passed to them by deed or gift "intended to take effect in possession or enjoyment at or after" the death of Nettie F. McCormick.

There is no limitation on the right of an owner to give away or otherwise dispose of his property, or any part of it, in any manner he sees fit, and if such disposition takes effect in possession and enjoyment during his lifetime it is not subject to inheritance tax unless made in contemplation of his death. It being admitted that the instrument of trust in this case was not executed in contemplation of death, the test to be applied, therefore, is whether the interests transferred by the instrument of trust were intended to take effect in possession or enjoyment at the time of the execution of the trust instrument or on the death of Net-

tie F. McCormick. It will be seen by the terms of the instrument of trust that she did not retain title to or possession of the property, except that before title to the property could be changed, she, if alive, must consent thereto, and except for certain powers as proxy reserved by her. The shares of stock of the McCormick Harvesting Machine Company, which were later exchanged for the stock of the International Harvester Company, have stood in the name of the trustee since the date of the instrument. The facts developed on the hearing show that Mrs. McCormick did not at any time exercise the right to demand or vote a proxy although the right so to do existed in the instrument of trust. It is not disputed that possession of this property passed to the trustee, but the People say that it is evident from the instrument of trust that neither the right of possession nor enjoyment by appellants came into being until the death of the donor, and then only on condition that they survive the donor; that since the donor retained the right to dispose of the net income, it cannot be said that the right of enjoyment passed at the time of the execution of the instrument of trust. If the right of possession or enjoyment of the subject matter of the trust passed at the time of the execution of the instrument the transfer is not taxable; if, on the other hand, it passed at the date of the death of Nettie F. McCormick it is taxable. *People* v. *Schaefer,* 266 Ill. 334.

Counsel on both sides of this case have submitted able and exhaustive briefs on this point. The question, however, is a simple one, arising on the construction of the instrument of trust, and authorities submitted by counsel on either side cannot be controlling but must be considered in the light of the facts there involved.

Did the beneficial interest pass to appellants at the time of the execution of the instrument of trust or at the death of Nettie F. McCormick? A beneficial interest, when considered as a designation of the character of an estate, is

such an interest as a devisee, legatee or donee takes solely for his own use or benefit and not as a holder of the title for the use and benefit of another. (*People* v. *Schaefer, supra; People* v. *McCormick,* 208 Ill. 437; *In re Seaman Estate,* 147 N. Y. 69.) The fact that the donor designates that the income shall accumulate as principal during the lifetime of the donor, thus preventing actual possession and enjoyment of the estate until the donor's death, does not, of itself, render the transfer taxable. If, as a matter of fact, the interest, though not its possession, is vested in the beneficiary at the date of the instrument creating the trust, such transfer, when not made in contemplation of death, is not taxable. Postponement of possession does not, of itself, bring the transfer within the statute. In this case, during the five years following the creation of the trust and preceding the death of the donor all of the income from the trust estate was expended for charities under the donor's direction, as provided in the instrument of trust, except $142,000. This sum, according to the terms of the instrument, was added to the principal. This fact is not, alone, determinative of whether the transfer is taxable. In this case it appears from the language of the instrument that it cannot be determined until the death of Nettie F. McCormick whether appellants are to have a right of enjoyment of the benefits of the trust estate. In other words, whether appellants shall have a right of enjoyment at all depends upon the death of the donor. By article 3 it is provided that the trust estate shall terminate at the latest upon the death of the last survivor of the three children of the donor, and upon termination of the trust the trust estate shall be paid over and delivered to the donor if she be then living, and if not, then to the surviving issue of the children. It becomes apparent, therefore, that the right of enjoyment does not by the instrument exist in appellants if the donor survive them all,—a fact which cannot be determined until the death of the donor.

It must therefore be said that it is in the death of the donor that the rights of appellants are fixed and determined and not the execution and delivery of the instrument of trust.

But it is earnestly urged by appellants that their interest under the trust agreement became a vested interest at the time of the execution and delivery of the instrument. Section 29 of the Inheritance Tax act defines a "transfer" as the same is designated elsewhere in the act, as follows: "When property, or any interest therein or income therefrom, shall pass to or for the use of any person, institution or corporation by the death of another, by deed, instrument or memoranda, such passing shall be deemed a transfer within the meaning of this act," etc. The rights of appellants not being determined until the death of Nettie F. McCormick the tax accrued at her death, and the county court did not err in applying the law in effect at the time of the donor's death.

Counsel for appellants argue that Nettie F. McCormick reserved to herself no beneficial enjoyment of the property, and that it therefore must have passed by the instrument of trust to the beneficiaries or to the trustee for them, which, so far as the power to tax is concerned, would amount to the same thing. By the terms of the trust deed she retained the right to expend the entire benefit of the trust fund for charity during her lifetime and did expend the greater portion of it. Thus, by the deed the donor reserved to herself the right to use the income during her life. The instrument of trust also provided that in case her personal income from other property falls below $250,000 per year she was privileged to draw upon the income of this trust estate for sufficient amount to bring her income to the sum of $250,000. While the facts show that she did not at any time draw upon the trust fund to supplement her income, yet had she desired to do so she could have disposed of all her other property and drawn on the income of this trust fund to the amount of $250,000. The benefit and enjoy-

ment of the income were retained for her use and the use of such charities as she should designate. The fact that she did not call upon the fund for her private use is immaterial. What she actually did concerning the use and enjoyment of the benefits of the fund cannot affect the construction of the instrument. It seems clear that the reservation of the power to call upon the income from the fund for her net income and for charities designated by her, together with the power to vote the stock by proxy and designate its exchange, shows that appellants, as beneficiaries under the trust instrument, took none of the enjoyment of the estate prior to the donor's death. We are of the opinion, therefore, that by the instrument of trust the enjoyment of the beneficial interest in the trust estate did not vest in appellants at the date of the instrument but passed to them only at the donor's death, and that the transfer is therefore taxable. (*People* v. *Carpenter*, 264 Ill. 400; *People* v. *Kelley*, 218 id. 509; *People* v. *Estate of Moir*, 207 id. 180.) Appellants' first contention, therefore, cannot be sustained.

Appellant's next contention is, that if it be held that the interests passing under the deed of trust are taxable such tax should be fixed at the rate required by the statute in force at the date of the transfer and not at the death of the donor. With this contention we cannot agree. It could not be determined until the death of Nettie F. McCormick whether any tax would be due. Under the third article of the trust agreement, were she to survive the beneficiaries she would take the trust estate. The beneficial interest, therefore, did not vest in appellants until the death of the donor of the trust estate. The tax is, as we have said, a tax not on the estate but on the right of succession and accrues when the estate vests,—that is, in this case on the death of the donor. *In re Estate of Graves*, 242 Ill. 212.

Since the tax must be assessed under the act in force at the death of the donor the act in effect in 1918 is not

involved, and it does not become necessary to pass upon appellants' contention that the same was repealed by the act of 1919.

It is also contended that the county court erred in adding the interest passing to appellants under the trust instrument to the interest passing under the will; that they were separate gifts and therefore exemption should be allowed from each, and that it is unjust to combine them for the reason that the rate of taxation on the combined interest is much greater, and but one exemption of $20,000 was allowed. This question has never been directly passed upon by this court. Appellants came into possession and enjoyment of the benefits of the trust estate by the death of Nettie F. McCormick, and the estate passing to them by her will came to them also by her death. There appears, therefore, to be no difference in the time or source of the gifts. The right of the State to a tax attached in this case on the death of Mrs. McCormick. *Provident Hospital* v. *People,* 198 Ill. 495; *In re Estate of Graves, supra.*

Counsel for appellants urge, however, that the legislature intended that each gift, regardless of when it takes effect, should be treated separately and a separate exemption credited on each succession. It will readily be seen that if such was the legislative intent, one might well, by parceling out his estate into various gifts, to each of which an exemption must be allowed, defeat the right of the State to collect a tax on the transfer. We are of the opinion that it was the intention of the legislature that there should be but one exemption to each beneficiary in a case such as the one before us. In *Estate of Stephenson,* 171 Wis. 452, the court dealt with this question. It was there held that a statute similar to ours contemplated but one estate for each decedent, else there would be but little object in graduating the tax according to amount, as the estate could be easily divided into a number of gifts, trusts or legacies or devises and intestate property, thereby giving each bene-

ficiary several times the exemption contemplated by law and defeating the State's right to collect the tax. In *Kunhardt* v. *Bugbee,* 130 Atl. (N. J.) 660, the same view was expressed. In *Pratt* v. *Dean,* 246 Mass. 300, the decedent created two separate trusts at intervals of about four years. It was there held that the succession should be treated not as separate interests but as one. This we believe to be the true construction of the legislative intent. The tax is imposed not upon property but upon the right to receive property by reason of the death of the testator or donor, which right accrues as one interest and at one time, whether by different instruments or by one. In this case both the interest under the trust instrument and that by the will passed to appellants on the death of Nettie F. McCormick. There is but one succession, and the entire amount of property transferred should be taken as one entity.

Appellants cite *Matter of Hodges,* 215 N. Y. 447, as authority for their contention that the gifts should be divided. In that case, however, there was a gift *inter vivos,* which vested immediately, without regard to the death of the donor. While such gifts are usually not known until the death of the donor, the problem presented in such a case whether the tax, which under section 3 of our Inheritance Tax act is due and payable at the death of the decedent, should be divided, does not here arise and does not require solution in this opinion. Under the statute of this State the tax to be imposed is a graduated one and contemplates but one estate passing from the decedent to each beneficiary. Counsel for appellants urge that to so hold in a case of this character renders impossible the division of the tax as between the executors and the trustee. This fact is one of administration, which cannot affect the operation of the statute. The county court in its order fixing the tax may, and should, specify the amount of tax due from each beneficiary in the proportion which the benefits received by such beneficiary bear to the total bene-

fits received from various sources.   Appellants' third contention cannot be sustained.

The county court allowed a deduction for but part of the Federal estate tax, allowing credit for that portion, only, of such tax as is represented by the ratio which the value of the property taxable in Illinois bears to the aggregate value of all property taxable in Illinois and elsewhere. The People urge that if the Federal estate tax imposed upon transfers of real property not located in Illinois be allowed as a credit such Federal estate tax might be twice deducted, once in this State and once in the State where the property is located and taxed.   In *People* v. *Pasfield,* 284 Ill. 450, and *People* v. *Northern Trust Co.* 289 id. 475, this court considered the question whether the Federal estate tax should be deducted before computing the State tax, and it was there held that the Federal tax was an expense of administration and should be deducted as such before computing the State tax.   The question as to the effect of Federal estate tax on real estate outside the State, however, was not before this court in those cases and none have been called to our attention where exactly this question was considered.   There cannot, however, be, as urged by counsel for the People, a double deduction of the Federal tax so far as the inheritance tax in this State is concerned, as the estate of a resident decedent is probated in this State.   A Federal estate tax has been declared by this court in cases referred to, to be a charge of administration.   There cannot be more than one administration in Illinois, and therefore not more than one bill of costs.   No reason is seen why the fact that a portion of the decedent's real estate lies outside the State of Illinois would make a Federal estate tax less an expense of administration.   Counsel give a supposed case where the real estate or tangible personal property of the decedent is located almost entirely outside of the State of Illinois, and urge that with small personal property holdings in Illinois the effect would be

327—36

to eliminate any tax in this State. This is an argument that might well be addressed to the legislature. Whether a second deduction would be allowed in another State is not a matter with which this court can be concerned. There appears to be no justification in the statute for the formula applied by the county court in computing the credits for payment of Federal estate tax, and we are of the opinion that credit should have been allowed for the entire Federal estate tax paid. Appellants' fourth contention is sustained.

Counsel for appellants urge as their fifth contention that the county court should have deducted from the residuary estate the sum of $22,844, tax paid on specific legacies. The will provides that the legatees named therein shall have net to them the entire amounts therein named and that the inheritance tax shall be paid by the executors out of the residuary estate. Appellants contend that such provision reduces the residuary estate to the extent of such taxes, and that therefore the amount thereof should be deducted from the residuary interest before computing the tax thereon. State inheritance taxes are not deductible in such manner. The right of the State to such taxes cannot be controlled by the language of a will. If it was the desire of the testatrix to impose that additional burden on the residuary legatees, it was, of course, within her power to do so. The State is not concerned with the question as to what account or accounts the taxes are to be charged under the will. The tax is fixed by the amount of the property passing, which amount is not subject to being reduced—if, in fact, such could practically be done—by the amount of the inheritance tax. This contention of appellants, therefore, cannot be sustained.

Appellants' sixth and last contention is, that the court had no jurisdiction to assess a tax against the trustee, the United States Trust Company, or Fowler McCormick, who is named as beneficiary of the remainder of the trust fund

after the death of the last beneficiary. The basis of this contention is, that neither the trustee nor Fowler McCormick was notified of the proceeding before the arbitrator, the county judge or the county court and did not appear. Neither appears here as appellant, and the State argues that the matter is of no concern to appellants. Appellants have, however, an interest in the subject matter, for the tax against Fowler McCormick is fixed at something over $400,000, and would, of necessity, be paid by the trustee out of the trust fund, from which appellants have a life income under the terms of the trust instrument. The rule is, that if the court has jurisdiction of either the beneficiaries or the property passing, it can impose a tax on the transfer. (*Oakman* v. *Small*, 282 Ill. 360.) But it appears in this case that the court had jurisdiction of neither the beneficiary nor the property. Neither the beneficiary nor the trustee was served with notice, no mention was made of either of them in the appraiser's report, and they are not mentioned as parties until the order fixing the tax is filed. The court had no jurisdiction of the trust property, for it was at all times held by the trustee, which is a New York corporation. The People urge that since nearly two years elapsed between the hearing before the appraiser and the entry of the order by the county court a presumption of service of notice before the entry of the final order arises. It is sufficient to say in answer thereto that jurisdiction is not conferred by presumption but must be shown by the record. No such showing is claimed. The court was without jurisdiction to enter that tax.

The order of the county court, for the reasons herein given, is reversed and the cause is remanded to that court, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*