*In re* ESTATE OF HENRY MONROE, Deceased.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THE FIRST TRUST BANK OF SHELBYVILLE, Ex'r of the Estate of Henry Monroe, Defendant-Appellee.)

Fifth District   No. 81-320

Opinion filed April 6, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Kathleen M. Lien, Assistant Attorney General, of counsel), for the People.

Marshall A. Susler, of Owen, Roberts, Susler & Murphy, P. C., of Decatur, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

The State appeals from the judgment of the circuit court of Shelby County overruling the objections of the Attorney General to the inheritance tax return filed on behalf of the estate of Henry Monroe, deceased, and affirming the order assessing inheritance tax. On appeal, the State raises the following issues: whether the inheritance tax should be imposed upon the individual receiving property under a settlement agreement rather than the beneficiary taking property under a will; and, alternatively, whether a charitable exemption should be allowed for the amount of the estate applied to settlement of a will contest where the recipient would not otherwise be entitled to a charitable exemption.

The controversy was adjudicated upon an agreed statement of facts. The decedent's will was admitted to probate on June 26, 1979. The will provided for the payment of all the debts of the estate and left the residue to the Shelby County American Cancer Society, a registered charity. On December 18, 1979, Florence Futch, decedent's sister and sole heir, filed a contest of the will. Prior to trial of the will contest, Futch and the charity agreed to a compromise. The terms of the compromise provided that Futch would receive $75,000 and certain jewelry appraised at $3,825 in exchange for withdrawal of the will contest. There was no suggestion of collusion between the charity and Futch.

On February 10, 1981, First Trust Bank of Shelbyville, executor of decedent's estate, filed the inheritance tax return. The return indicated that the entire net estate, $258,603.74, with the exception of expenses and

annuities, passed to the Shelby County American Cancer Society and that no tax was due because the charitable exemption applied. Thereafter, the Attorney General filed an objection to the tax return. On April 23, 1981, the court disallowed the objections and found that the amount passing to Futch under the settlement agreement was not taxable. The order assessing inheritance tax was issued on May 12, 1981. The State then appealed this order to the circuit court. On June 19, 1981, the court entered judgment affirming the order assessing inheritance tax. This appeal followed.

The State first argues that an inheritance tax should be assessed against Futch for the amount she received in settlement of the will contest. In substance, the State argues that the inheritance tax should be imposed according to the terms of the compromise, rather than according to the terms of the will because it is more equitable to tax the person who actually received property from the estate. The State's contention, however, is contrary to the weight of authority.

Section 1 of the Inheritance and Transfer Tax Law provides, in pertinent part, the following:

"A tax is imposed upon the transfer of any property, real, personal, or mixed, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations, not hereinafter exempted, in the following cases:

1. When the transfer is by will or by the intestate laws of this State, from any person dying while a resident of the State and having a legal or equitable interest in the property.

* * *"

Ill. Rev. Stat. 1979, ch. 120, par. 375.

■■ The Inheritance and Transfer Tax Law imposes a tax on the right of succession and not on the estate. The tax accrues when the property vests, either by the terms of a will or by statutory intestate succession, on the death of the decedent. (*People v. McCormick* (1927), 327 Ill. 547, 158 N.E. 861; *People v. Flanagin* (1928), 331 Ill. 203, 162 N.E. 848.) No transfers of estate property by agreement of those succeeding to the estate, among themselves or with others, can affect the tax. *In re Estate of Graves* (1909), 242 Ill. 212, 89 N.E. 978; *People v. Upson* (1930), 338 Ill. 145, 170 N.E. 276.

The instant issue was considered by the supreme court in *Graves* and *Upson*. In both cases, a sum was paid by the residuary legatees to a will contestant under a settlement agreement. The court held that the sums paid were subject to inheritance taxes and that the taxes were to be assessed against the residuary legatees. The court reasoned that the beneficial interest in the property vested in the residuary legatees on the

decedent's death and that the inheritance tax should be imposed upon the property as it vests.

■■ Here, decedent's will left the entire residue of his estate to the charity. The estate vested in the charity on the death of decedent and the inheritance tax accrued at the time the estate vested. The settlement agreement between the charity and Futch did not affect the tax. Therefore, in the absence of a charitable exemption, the sums paid to Futch under the settlement agreement would be taxable to the charity as residuary legatee.

The State contends, alternatively, that an inheritance tax should be assessed against the charity for the amount paid to Futch under the compromise. In this regard, the State argues that the exemption provided by section 28 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1979, ch. 120, par. 401) does not apply because the funds were not used for a charitable purpose.

Section 28 of the Inheritance and Transfer Tax Law provides, in pertinent part, the following:

> "When the beneficial interests of any property or income therefrom shall pass to or for the use of the State of Illinois or any of its institutions, municipal corporations or political subdivisions for public purposes, any hospital, religious, educational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, * * *.
> * * *" Ill. Rev. Stat. 1979, ch. 120, par. 401.

■■ ■ As the State correctly asserts, tax exemption statutes are to be construed strictly, and the burden of proof is placed on those claiming an exemption. (*In re Estate of Schureman* (1956), 8 Ill. 2d 125, 133 N.E.2d 7.) Here, it is not disputed that the Shelby County American Cancer Society is a public charity that benefits persons within the State. (See *People v. O'Donnell* (1927), 327 Ill. 474, 158 N.E. 727.) And, as discussed above, all questions concerning the inheritance tax are to be determined as of the time that the estate vests. (*People v. Upson* (1930), 338 Ill. 145, 170 N.E. 276.) On the death of decedent, the residuary estate vested in the charity. At that time, the exemption provided by section 28 of the Inheritance and Transfer Tax Law clearly applied. Therefore, we conclude that the later application of a portion of the estate to settle a will contest did not take that amount out of the purview of the exemption statute.

Finally, we note that an inheritance tax would not have been assessed against the charity had it not entered into the settlement agreement with Futch. Futch was the sole heir of decedent, and, if she had been successful

in the will contest, then she may have received a greater portion of decedent's estate than she received under the compromise. There was no collusion between the charity and Futch or intent to evade the tax. Therefore, we do not believe that the charity should be taxed on the settlement whereby the charity saved the costs of litigation and the possible diminution of the charitable bequest.

Obviously, an argument may be made that a contrary result would be more equitable and in keeping with the general purpose of the Act, which is to tax the privilege of succeeding to the property of a deceased person. Considering the consistent construction placed upon the Act by the courts of this State, we believe any change in the law is properly directed to the consideration of the General Assembly.

Affirmed.

HARRISON and WELCH, JJ., concur.