ESTATE OF JOHN E. REID, DECEASED, MARGARET M.
REID, EXECUTRIX, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 582-86.          Filed February 22, 1988.

*Lucien R. Battiato* and *Charles F. Marino,* for the
petitioner.
*Luanne S. DiMauro,* for the respondent.

## OPINION

COHEN, *Judge:* Respondent determined a deficiency of
$125,361.44 in the Federal estate tax of petitioner. After
concessions, the issues for decision are whether the estate
tax marital deduction should be reduced by (1) Illinois
inheritance tax on property passing to the surviving spouse,
but payable by trustees, "in their discretion," out of
nonmarital property, and (2) Federal and State income
taxes, owed but unpaid by decedent at death, on
undistributed trust income which passed to his surviving
spouse.

All of the facts have been stipulated. The stipulation of
facts and the exhibits attached thereto are incorporated as
our findings by this reference.

John E. Reid (decedent), a resident of Park Ridge, Illinois,
died testate on January 11, 1982. Decedent was survived by
his wife Margaret (Mrs. Reid) and no children. Pursuant to

decedent's will, Mrs. Reid was appointed executrix of the estate in the Circuit Court of Cook County, Illinois, on April 18, 1984.

Decedent executed his last will and testament on April 9, 1968. The will provided in relevant part as follows:

FIRST: I direct that all my just debts and the cost of my last illness and of my funeral and burial be paid as soon after my death as may be practicable. I further direct that all estate, inheritance, transfer, legacy, or succession taxes which may be assessed or levied with respect to my estate, or any part thereof, whether or not passing under my Will, shall be paid out of my residuary estate as an expense of administration and without apportionment.

SECOND: All the rest, residue and remainder of my estate, real, personal and mixed of whatever kind or nature and wheresoever situated of which I shall die seized or possessed, or to which I may be legally or equitably entitled at the time of my death, I give, bequeath and devise to my wife, MARGARET M. REID, outright and absolutely.

On May 13, 1976, decedent executed a revocable declaration of trust, thereby placing in trust all property of Reid Report-Reid Survey, a sole proprietorship owned and operated by decedent before his death. In his declaration of trust (the trust instrument), decedent referred to the trust property as the "trust fund." The trust instrument named decedent as trustee and several individuals, including decedent's brother, a nephew, a friend, decedent's attorney, and Mrs. Reid, as successor co-trustees upon decedent's death.

The powers and duties of the trustees and the designation and rights of the beneficiaries under the trust instrument were in relevant part as follows.

Paragraph *First* of the trust instrument provided that decedent was to receive periodic distributions during his lifetime of all net income and so much principal of the trust fund as decedent would need or desire for the support and maintenance of himself and Mrs. Reid.

Paragraph *Second* provided in part as follows:

Upon my death, the Successor Co-Trustees shall hold the Trust Fund for the following uses and purposes:

A. The Successor Co-Trustees shall have full power and authority to pay out of the principal of the Trust Fund expenses of my last illness,

funeral expenses, and administration expenses of my estate. The Successor Co-Trustees shall also have full power and authority, in their discretion, to pay out of the principal of the Trust Fund, all or any part of the estate, inheritance and any other taxes becoming due by reason of my death. Such taxes and expenses shall be charged against the Trust Fund generally and not against the interest of any beneficiary thereof.

The paragraph also provided that Mrs. Reid would receive during her lifetime (1) the net income from the Trust Fund, subject to contingent income payments of $200 per month to decedent's sister and $200 per month to decedent's niece, and (2) such portions of the trust fund as she might need for her support and maintenance, not to exceed $5,000 in any calendar year.

Paragraph *Third* named the remainder beneficiaries, including several of decedent's nieces, nephews, and relatives by marriage, to whom the principal would be distributable upon the death of decedent and Mrs. Reid. The paragraph also included provisions which granted the successor co-trustees, in their "sole judgment" or "uncontrolled discretion," the power to invade the principal of the trust fund for the support and maintenance of any beneficiary of the trust.

Paragraph *Seventh* provided decedent the power to revoke or amend the trust in whole or in part at any time during his lifetime without the knowledge or consent of the beneficiaries, and upon revocation to create a new trust for the benefit of any person.

Decedent amended the trust instrument once, on March 24, 1977. The amendment merely affected the allocation of principal to certain remainder beneficiaries.

The trust instrument, originally and as amended, included no provisions expressly relating to the Federal estate tax marital deduction.

Upon decedent's death, approximately two-thirds of the gross estate, including undistributed 1981 trust fund income of $235,853, passed to Mrs. Reid. The only asset that passed through the probate estate was a SteinRoe Cash Reserves, Inc., account amounting to $19,607.

On April 15, 1982, Mrs. Reid filed Federal and Illinois joint income tax returns for the taxable year 1981 on behalf of decedent and herself. The joint Federal income tax return reported total taxes due of $156,151, of which $49,406 was

unpaid as of the date of decedent's death. The Illinois income tax return reported total taxes due of $8,853, of which $1,638 was unpaid as of the date of decedent's death. The parties agree that decedent's shares of Federal and State income taxes unpaid at death were $45,590 and $1,638, respectively.

On October 8, 1982, Mrs. Reid filed an estate tax return on behalf of petitioner. The return reported a gross estate of $1,745,640, total deductions of $1,497,378, and a taxable estate of $248,261. The deductions included (a) $1,421,538 in bequests to Mrs. Reid as the surviving spouse, and (b) $49,406 in Federal income tax due and $1,638 in Illinois income tax due as expenses incurred in administering property not subject to claims.

On November 12, 1982, Mrs. Reid filed an Illinois inheritance tax return for decedent's estate and deposited the amount shown payable on the return, $94,970, with the Cook County treasurer. The payment was made from the checking account of Reid Report-Reid Survey. The final determination of the amount of inheritance tax owed was $90,859, of which $69,959 was attributed to $751,137 in property passing from decedent to Mrs. Reid.

In his notice of deficiency, respondent reduced petitioner's claimed marital deduction by the amounts of (1) the Illinois inheritance tax attributable to property passing to Mrs. Reid and (2) Federal and State income taxes owed by decedent but unpaid at his death.

Section 2056[1] allows a "marital deduction" from a decedent's gross estate for the value of property interests passing from decedent to the surviving spouse. The Economic Recovery Tax Act of 1981, secs. 403(a)(1)(A), 403(e)(1), Pub. L. 97-34, 95 Stat. 301, 305, removed all dollar limits on the marital deduction for estates of decedents dying after December 31, 1981. In determining for marital deduction purposes the value of the interest passing to the surviving spouse, section 2056(b)(4) provides that:

(A) there shall be taken into account the effect which the tax imposed by sec. 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; and

---

[1]All section references are to the Internal Revenue Code as amended and in effect at the date of death of decedent.

(B) where such interest or property is encumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such encumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined.

"The appropriate reference, therefore, is not to the value of the gift moving from the deceased spouse but to the net value of the gift received by the surviving spouse." *United States v. Stapf*, 375 U.S. 118, 125 (1963); see also sec. 20.2056(b)-4(a), Estate Tax Regs. Under section 2056, the valuation of property passing to the surviving spouse is to be made as of the time of death of the decedent. Sec. 20.2056(b)-4(a), Estate Tax Regs. See also *Jackson v. United States*, 376 U.S. 503, 508 (1964); *Estate of Wycoff v. Commissioner*, 506 F.2d 1144, 1149 (10th Cir. 1974), affg. 59 T.C. 617 (1973).

The issues before us essentially concern the effect of section 2056(b)(4)(A) and (B) upon the value of property interests as of the time of decedent's death passing from decedent to Mrs. Reid.

### Inheritance Tax

The first issue is whether petitioner's estate tax marital deduction should be reduced by the Illinois inheritance tax on property interests passing to Mrs. Reid, but payable by the successor co-trustees, "in their discretion," out of nonmarital property. Whether Illinois inheritance taxes are chargeable to marital or nonmarital property is to be determined by Illinois law. See *Riggs v. Del Drago*, 317 U.S. 95 (1942). Under Illinois law, the persons or funds liable for the payment of the Illinois inheritance tax are generally set forth by statute. Ill. Ann. Stat. ch. 120, pars. 375, 378, 379 (Smith-Hurd 1978).[2] The Illinois inheritance tax is a tax on the right of succession, and the burden of the tax is placed on the successor to the property, whether such successor be a legatee, devisee, donee, or beneficiary. See *In re Estate of Monroe*, 105 Ill. App. 3d 1114, 435 N.E.2d 709, 711 (1982). The burden accrues:

---

[2]Effective July 1, 1983, Illinois repealed its inheritance tax statutes and imposed a tax on the estate of any decedent dying on or after Jan. 1, 1983. (P.A. 82-1021, sec. 2.) This opinion, however, is not affected by such legislation.

when the property vests, either by the terms of a will or by statutory intestate succession, on the death of the decedent. (*People v. McCormick* (1927), 327 Ill. 547, 158 N.E. 861; *People v. Flanagin* (1928) 331 Ill. 203, 162 N.E. 848.) No transfers of estate property by agreement of those succeeding to the estate, among themselves or with others, can affect the tax. *In re Estate of Graves* (1909), 242 Ill. 212, 89 N.E. 978; *People v. Upson* (1930), 338 Ill. 145, 170 N.E. 276.[*In re Estate of Monroe*, 435 N.E.2d at 711.]

Nevertheless, Illinois courts have upheld the right of a decedent to shift the burden of the inheritance tax to a general or residuary estate or to a particular fund. *Estate of Fender v. Fender*, 96 Ill. App. 3d 1029, 422 N.E.2d 107, 109-110 (1981); *In re Estate of Wheeler*, 65 Ill. App. 2d 201, 213 N.E.2d 35, 37 (1965).

Where the interpretation of the tax apportionment provision within a decedent's will or trust instrument is in dispute, the decedent's intention which is manifest in the language of the will or trust instrument controls under Illinois law. *Estate of Rosta*, 111 Ill. App. 3d 786, 444 N.E.2d 704, 712 (1982) (wills); *Harris Trust & Savings Bank v. Taylor*, 49 Ill. App. 3d 349, 355, 364 N.E.2d 349, 354 (1977) (trust instruments). The intent must be gathered from the entire will or instrument, unless the language is vague. Where the language used therein has on its face a clear and unmistakable meaning, that meaning will be taken as the expression of his intention. *Harris Trust & Savings Bank v. Taylor*, 364 N.E.2d at 354. Where the decedent's intent as to tax apportionment is unclear, however, Illinois courts have generally left the tax burden where the statute places it. See *In re Estate of Wheeler*, 213 N.E.2d at 37; cf. *Estate of Rosta*, 444 N.E.2d at 712 ("crystal clear" expression of intent is required to negate equitable apportionment of estate taxes).

Respondent asserts, and petitioner does not deny, that the will provisions do not control our determination in this case because none of the inheritance tax due could have been payable from decedent's probate estate. The Probate Act of 1975, Ill. Ann. Stat. ch. 110-1/2, pars. 18-10, 18-13 (Smith-Hurd 1978 & Supp. 1982), provides for the preferences of claims against a decedent's estate.[3] Under these

---

[3]Ill. Ann. Stat. ch. 110-1/2, pars. 18-10, 18-13 (Smith-Hurd 1978 & Supp. 1982), provides in relevant part:

statutes, funeral and administrative expenses and debts due the United States receive priority over debts due the State. Accordingly, decedent's funeral expenses alone absorbed $7,570 of the probate estate, valued totally at $19,607, and administrative expenses and taxes due the United States would have absorbed the residue.

We must therefore examine decedent's trust instrument to determine whether any inheritance tax remained chargeable as of the time of decedent's death to the property interests passing to Mrs. Reid. Respondent argues that the trust instrument granted the successor co-trustees mere discretionary power or authority to pay inheritance taxes out of the principal of the trust fund; therefore, because it could not be determined as of the time of death how the inheritance taxes would be paid, the marital property was still burdened with the inheritance taxes. Respondent compares the terms of decedent's trust instrument to those at issue in *Estate of Rice v. Commissioner,* 41 T.C. 344 (1963), vacated and remanded on another issue sub nom. *Boston Safe Deposit & Trust Co. v. Commissioner,* 345 F.2d 625 (1st Cir. 1965) (applying Massachusetts law), and *Estate of Wycoff v. Commissioner,* 506 F.2d 1144 (10th Cir. 1974), affg. 59 T.C. 617 (1973) (applying Utah law). In the latter case, we and the Court of Appeals for the 10th Circuit respectively concluded that, for purposes of determining the marital deduction, marital property remained burdened with death taxes where the trustee was permitted, but not required, to impose the tax burden upon nonmarital property.

---

Par. 18-10. Classification of claims against decedent's estate.

All claims against the estate of a decedent are divided into classes in the manner following:

1st: Funeral expenses and expenses of administration. * * *

      \*     \*     \*     \*     \*     \*     \*

3rd: Debts due the United States.

      \*     \*     \*     \*     \*     \*     \*

6th: Debts due this State and any county, township, city, town, village or school district located within this State.

7th: All other claims.

      \*     \*     \*     \*     \*     \*     \*

Par. 18-13. Priority of Payment.

Except as provided in Section 19-6, the representative of a decedent's estate shall pay from the estate all claims entitled to be paid therefrom, in the order of their classification * * *

Petitioner asserts that decedent expressed in his trust instrument the intentions that all inheritance taxes be paid out of the nonmarital trust fund principal insofar as the inheritance taxes were not payable out of the probate estate and that the estate be afforded maximum advantage of the marital deduction. Petitioner contends these intentions are reflected by the following: (1) Decedent did not describe the successor co-trustees' discretion to pay inheritance taxes as "uncontrolled" or "sole" discretion, as he did with certain other trustee powers, suggesting the trustees' power to pay inheritance taxes out of nonmarital property was actually a mandatory, not discretionary, power; and (2) decedent made Mrs. Reid the primary object of his testamentary disposition, suggesting an intention to maximize the marital deduction. Petitioner argues that an intention to obtain the maximum marital deduction is alone sufficient to shift the inheritance tax burden from marital to nonmarital property, whether that intention be verbalized within the instrument (citing *Pyne v. United States,* 638 F. Supp. 946 (D. Me. 1986); *First Trust Co. of St. Paul v. United States,* 402 F. Supp. 778 (D. Minn. 1975); and *Estate of Haskell v. Commissioner,* 58 T.C. 197 (1972), affd. without published opinion 485 F.2d 679 (3d. Cir. 1973) (applying New Jersey law)) or implied by the framework of a trust (citing *Estate of Milliken v. Commissioner,* 70 T.C. 883, 894 (1978) (applying Massachusetts law); *Babson v. Babson,* 374 Mass. 96, 371 N.E.2d 430, 435 (1977)).

Nothing in the trust instrument constitutes a direction by decedent to the successor co-trustees to pay the Illinois inheritance tax from nonmarital property. Rather, the instrument provides that "the Successor Co-Trustees shall also have full power and authority, *in their discretion,* to pay out of the principal of the Trust Fund, all or any part of the estate, inheritance and any other taxes becoming due by reason of my death" (emphasis provided). Petitioner's interpretation would ignore the reference to discretion in the provision and cannot be accepted. A discretionary provision is not sufficient to transfer the tax burden to nonmarital property for purposes of determining the marital deduction. How this inheritance tax ultimately would be paid was the

choice of the successor co-trustees and does not control our determination of the situation as of the time of death.

We are also not persuaded that decedent expressed or implied an intention to maximize his estate's marital deduction. The entire trust instrument contains no language regarding the marital deduction and no relevant provisions or framework from which we can infer such an intention, as distinguished from the wills or trust instruments in each of the cases cited by petitioner. We cannot draw an inference from an absolute silence, in language or design, on the matter. Furthermore, we will not infer that decedent intended to maximize the marital deduction merely because Mrs. Reid was the primary object of decedent's testamentary disposition. To draw such an inference would require looking beyond the language of the trust instrument, which in this case is not justified under Illinois law as summarized above.

We conclude that at the time of decedent's death, the property interests passing to Mrs. Reid were burdened with the Illinois inheritance tax, as respondent contends, and that petitioner's marital deduction should be reduced accordingly to reflect the net value of the interests passing to her.

### Income Taxes

The second issue is whether petitioner must reduce its estate tax marital deduction by decedent's Federal and State income taxes due but unpaid at his death. Again, qualification for the marital deduction must be determined at the time of decedent's death. Under section 2056(b)(4)(B), we are concerned with encumbrances or obligations imposed upon the marital property or surviving spouse at that time, and our determination is not controlled by the source which subsequently satisfies the obligation.

Before his death, decedent was taxable on all 1981 trust income, including that distributed to Mrs. Reid, and decedent's estate became liable for his income taxes due but unpaid at death. The parties accordingly agree that petitioner is entitled to estate tax deductions under section 2053(a)(3) for decedent's Federal and State income taxes due

but unpaid at death. See sec. 20.2053-6(f), Estate Tax Regs.[4]

Respondent argues, however, that the marital deduction must be reduced by decedent's Federal and State income tax liability at death because these taxes became a liability of Mrs. Reid upon his death. In support of his argument, respondent asserts that the probate estate assets were insufficient to pay the taxes due. Respondent also asserts that the successor co-trustees were not required to satisfy the obligation out of nonmarital assets, and that their subsequent exercise of discretion to pay the taxes due would be irrelevant to our determination. Furthermore, respondent, citing section 6013(d)(3), asserts that Mrs. Reid became liable for the income taxes by virtue of her filing 1981 joint income tax returns.

Petitioner, basing its argument entirely on the language of section 2056(b)(4), argues that the section makes no provision for a reduction of the marital deduction by Federal and State income taxes. Petitioner contends that neither the specific language of section 2056(b)(4)(A) nor the general language of section 2056(b)(4)(B) contains any reference to income taxes, thereby indicating a congressional intent that income taxes not be factored into the determination of the marital deduction. Petitioner also contends the general phrases in section 2056(b)(4)(B), "where such interest or property is encumbered in any manner" and "where the surviving spouse incurs any obligation imposed by a decedent with respect to the passing of such interest," must not be interpreted to include income tax liability of decedent. In support of this, petitioner asserts that property is never specifically "encumbered" with income taxes until a lien is filed against it and/or the property is levied upon, and that such events did not occur in this case. In addition,

---

[4]Sec. 20.2053-6(f), Estate Tax Regs., provides in relevant part as follows:

Deduction for taxes.—(f) *Income taxes.* Unpaid income taxes are deductible if they are on income properly includible in an income tax return of the decedent for a period before his death. Taxes on income received after the decedent's death are not deductible. If income received by a decedent during his lifetime is included in a joint income tax return filed by the decedent and his spouse, or by the decedent's estate and his surviving spouse, the portion of the joint liability for the period covered by the return for which a deduction will be allowed is the amount for which the decedent's estate would be liable under local law, as between the decedent and his spouse, after enforcement of any effective right of reimbursement or contribution. * * *

petitioner asserts that decedent could not "impose" income tax liability upon his surviving spouse.

The significant inquiry is whether decedent's income tax liability constituted an encumbrance or obligation to Mrs. Reid at the time of his death under section 2056(b)(4)(B). Petitioner's narrow interpretation of section 2056(b)(4)(B) was rejected by the Supreme Court in *United States v. Stapf,* 375 U.S. 118, 126-127 (1963), which concluded that "the governing principle, approved by Congress and embodied in the Treasury Regulation, must be that a marital deduction is allowable only to the extent that the property bequeathed to the surviving spouse exceeds in value the property such spouse is required to relinquish. [Fn. ref. omitted.]"

State law governs the property from which a decedent's debts and taxes are payable (*Riggs v. Del Drago,* 317 U.S. 95 (1942); *Greene v. United States,* 476 F.2d 116, 117-118 (7th Cir. 1973)); and where permitted by State law, courts have treated a surviving spouse or marital property as liable for a decedent's unpaid Federal taxes. See, e.g., *Murray v. United States,* 687 F.2d 386 (Ct. Cl. 1982). Nevertheless, Illinois law provides no basis for treating Mrs. Reid or the nonprobate marital property as liable at the time of death. Respondent has cited no Illinois statute or case law which grants a claimant to an estate rights against the nonprobate property or the transferees thereof merely on the basis of an insufficient probate estate.[5]

Federal law also does not provide a basis for liability. On the date of decedent's death, the marital property was unencumbered by Federal tax liens. We reject respondent's assertion that Mrs. Reid was obligated, within the meaning of section 2056(b)(4)(B), for decedent's income taxes by virtue of her filing Federal and State joint income tax returns. Neither section 6013 nor Ill. Ann. Stat. ch. 110-1/2, par. 27-7 (Smith-Hurd 1978), relating to joint returns, obligated Mrs. Reid to file a joint return. Her liability arising from the filing was incurred after the time of

---

[5]Respondent does not assert that Mrs. Reid is liable for decedent's unpaid taxes under the Illinois fraudulent conveyance statutes. See Ill. Ann. Stat. ch. 59, pars. 4, 5 (Smith-Hurd 1978); compare *Magill v. Commissioner,* T.C. Memo. 1982-148, n. 16, affd. sub nom. *Berliant v. Commissioner,* 729 F.2d 496 (7th Cir. 1984).

decedent's death, beyond the appropriate reference of time under the marital deduction rules.

Respondent's assertion that Mrs. Reid was liable at the time of death for decedent's unpaid taxes is unsupported by fact or authority. We therefore conclude that petitioner's marital deduction must not be reduced by decedent's Federal and State income taxes owed but unpaid at death.

To reflect concessions and the foregoing,

*Decision will be entered under Rule 155.*