ESTATE OF FRANK PANGAS, DECEASED, FIRST NATIONAL BANK OF AKRON, EXECUTOR (AND) ANDREW J. MICHAELS, ADMINISTRATOR W.W.A., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5782–66.    Filed April 21, 1969.

*Andrew J. Michaels*, for the petitioner.
*F. E. Wrenick*, for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in the amount of $19,778.11 in estate tax for the Estate of Frank Pangas.[1]

The only issue for decision in this case is the amount of the marital deduction to which the estate is entitled under section 2056, I.R.C. 1954.[2] The determination of this issue depends upon whether the widow's portion of the estate should be reduced by a proportionate share of State inheritance and Federal estate tax in computing the marital deduction for the purposes of Federal estate tax where the will provides for payment of all taxes from the residue of the estate and the widow elects to take against the will.

The parties have fully stipulated the facts herein and the stipulated facts are found accordingly.

Petitioner is the Estate of Frank Pangas, deceased, First National Bank of Akron, executor, and Andrew J. Michaels, administrator w.w.a., with principal offices at the date of the filing of the petition in this case in the First National Tower Building, Akron, Ohio. The

---

[1] Respondent on brief states that since the issuance of the notice of deficiency, proof has been furnished by the executor of the payment of Ohio inheritance taxes with the result of reducing the deficiency as determined. For this reason respondent asks that in the event his position in this case is sustained decision be entered under Rule 50.

[2] All references are to the Internal Revenue Code of 1954.

Federal estate tax return for the Estate of Frank Pangas, deceased was filed December 23, 1963, with the district director of internal revenue, Cleveland, Ohio.

The decedent died testate September 25, 1962, and was survived by his wife and four children.

In his will decedent left the residue of his estate in trust for the benefit of his widow and children. The residue was separated into two trusts, the first being for the benefit of the widow alone and consisting of approximately one-half of the "adjusted gross estate" as defined in the Internal Revenue Code, reduced by the amount of Federal estate taxes and Ohio inheritance taxes, and further reduced by the value, as found for Federal estate tax purposes, of all other property qualifying for the marital deduction, passing either under the will or independently of it. The second consisted of the remainder of the estate, and provided for the income to be paid to the wife for life, the remainder to be divided upon termination in equal shares among the living children, including by right of representation, the living grandchildren of the decedent.

The will also provided that all death taxes, both Federal estate and local inheritance taxes, assessed or imposed "upon and with respect to property passing under this will or property not passing under this will shall be paid out of and charged to the residue of my estate."

On November 16, 1962, the decedent's surviving spouse, Sultana Pangas, renounced the will and elected to take pursuant to the Ohio Statute of Descent and Distribution. The executors of the estate filed a petition in the Probate Court of Summit County, Ohio, to determine whether the widow's share, taken under the election, would bear any of the estate tax burden, or whether such taxes should be paid out of the residue as directed in the will of the decedent. On October 15, 1963, judgment was obtained in that proceeding, providing that the widow's share would pass free of the estate tax burden, which would be paid out of and charged to the residue of the estate as provided by the will.

On the estate tax return a marital deduction was taken of the amount of the estate passing to the widow unreduced by Federal estate tax and State inheritance tax. Respondent in his notice of deficiency increased the taxable estate as reported on the return by $129,477.68 with the following explanation:

The deduction for property passing to the surviving spouse is limited to $177,-871.06 reflecting the election of the surviving spouse to take under the statute of descent and distribution as reduced by its share of federal and state estate and inheritance taxes.[8]

---

[8] Petitioner does not question the respondent's computation of this adjustment if respondent's interpretation of the law is accepted except to the extent of any possible effect thereon of the credit for State inheritance taxes which credit respondent now concedes to be proper.

In computing the marital deduction allowed by section 2056(a), section 2056(b)(4)(A) provides that the effect of any estate, succession, or inheritance taxes, including the Federal estate tax, shall be taken into account in valuing any interest in property passing to the surviving spouse and qualifying for the marital deduction.

Whether any estate taxes are payable from the surviving spouse's interest is a matter governed by State law. *Riggs* v. *del Drago*, 317 U.S. 95 (1942). We must, therefore, look to the applicable laws of the State of Ohio to determine whether the property passing to a spouse who elects to take against the will of the decedent must bear a proportionate share of the estate taxes. If so, then the value of her interest must be proportionately reduced in computing the marital deduction allowable in computing Federal estate tax.

Petitioner argues that this Court should be bound by the decision of the Probate Court of Summit County, Ohio, entered on October 15, 1963. As petitioner recognizes, the decision of the Supreme Court in *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967), holds that Federal courts will no longer be bound by decisions of inferior State courts in determining a taxpayer's rights and liabilities under State law where Federal tax consequences are dependent on State laws. Rather in the absence of a decision of the highest court of a State, it is the responsibility of a Federal court in reaching its decision as to Federal tax liabilities to make its own determination of the applicable State law. The Federal court is bound only by a decision by the highest court of the State as to the law of that State. Petitioner contends, however, that *Commissioner* v. *Estate of Bosch*, *supra*, is applicable only with respect to decisions of lower State courts entered after that decision by the Supreme Court. In the *Bosch* case an inferior State court had determined that the surviving spouse's share of the decedent's estate was not charged with a pro rata portion of the Federal estate tax. The Supreme Court held that the inferior State court's interpretation of the applicable State law was not controlling for the purposes of Federal estate tax. Since the decision of the inferior State court in the *Bosch* case had obviously been entered prior to the decision of the Supreme Court in that case we find no merit in petitioner's contention that the decision in *Bosch* is applicable only when the lower State court's decision was entered after the Supreme Court decided the *Bosch* case. We therefore hold that the Summit County Probate Court decision is not binding in this case and that we must make our own determination as to the law in the State of Ohio on which the question here in issue is dependent.

Petitioner also argues that the Probate Court's decision was an accurate reflection of the Ohio law as it existed at the time that decision

was rendered and that this Court should decide the issue in this case in accordance with the Probate Court's decision. Petitioner cites numerous cases which in the aggregate form the basis for its interpretation of the Ohio law at the time of the Probate Court's decision. Petitioner recognizes that in the recent case of *Weeks* v. *Vanderveer,* 13 Ohio St. 2d 15, 233 N.E. 2d 502 (1968), on facts indistinguishable from those in the instant case, the highest court of Ohio held directly opposite to the holding of the Probate Court in the instant case. Petitioner argues that the holding in *Weeks* v. *Vanderveer, supra,* changed the previously existing Ohio law and that the law of Ohio as it existed at the time the Probate Court entered its decision should govern this case. In *Estate of Rose Gerber Jaeger,* 27 T.C. 863 (1957), affirmed per curiam 252 F. 2d 790 (C.A. 6, 1958), we held under facts somewhat different from those in the instant case that the most recent pronouncement of the highest court of a State controlled a case the determination of which was dependent on State law even though the decision had been entered after the date of the decedent's death and the filing of the estate tax return and had overruled a prior decision of the same State court. It would logically follow from our holding in *Estate of Rose Gerber Jaeger, supra,* that we should accept as controlling in the instant case the decision of the Supreme Court of Ohio in *Weeks* v. *Vanderveer, supra.* However, in our view the law as set forth in *Weeks* v. *Vanderveer, supra,* was the law of Ohio at the date of decedent's death and at the date the Probate Court entered its decision as to whether the portion of the decedent's estate passing to his surviving spouse should be charged with its prorata portion of Federal estate tax.

The Ohio Supreme Court first considered the question of the Federal estate tax burden relative to the surviving spouse's intestate share in *Miller* v. *Hammond,* 156 Ohio St. 475, 104 N.E. 2d 9 (1952). In that case the spouse had elected to take against the will, and had been charged pursuant to order of the Probate Court with her proportionate share of the Federal estate tax. In reversing the Probate Court's decision the Ohio Supreme Court applied an equitable theory of proratum and held that the widow's share of the estate was chargeable with only those taxes directly assessed by reason of her inheritance, thereby permitting her share up to the full allowable marital deduction to pass to her free from the burden of Federal taxes.

In 1954, however, *Miller* v. *Hammond, supra,* was specifically overruled as to the equitable proratum holding by *Campbell* v. *Lloyd,* 162 Ohio St. 203, 122 N.E. 2d 695 (1954). In the latter case the decedent's spouse elected to take against the will and the executor sought a declaration by decree as to whether there should be a deduction of the Federal estate tax from the estate before computing the widow's statu-

tory share. Making such a deduction would effectively charge the widow's share of the estate with a prorata portion of the Federal estate tax. The Probate Court held that the taxes should be so deducted and the widow appealed, citing *Miller* v. *Hammond, supra.* The Ohio Supreme Court held that *Miller* v. *Hammond,* insofar as it dealt with proration of Federal estate taxes to a widow's share of an estate, was inconsistent with the provisions of the Descent and Distribution Statutes, which limit the widow's share to one-half of the net estate.

*Campbell* v. *Lloyd, supra,* was the law in Ohio at the time of the Probate Court's decision as to whether the portion of the estate of Frank Pangas passing to his surviving spouse bore any of the Federal estate tax burden. Petitioner makes much of the fact that there was no tax payment provision in the will involved in *Campbell* v. *Lloyd, supra,* as there is in the case before us.[4] Petitioner would limit the decision in *Campbell* v. *Lloyd, supra,* on such basis and deny its applicability to the present case. However, *Campbell* v. *Lloyd, supra,* does not stand alone. *Miller* v. *Hammond, supra,* which was only partially overruled by the *Campbell* case contains language indicating the provisions of the will are immaterial to a determination of the rights of a spouse electing to take against the will. There is found the following language immediately after the court's discussion in *Miller* v. *Hammond, supra,* of the general rule of equitable apportionment in other jurisdictions as applicable to cases where there is an absence of testamentary intent as to the source of payment of Federal taxes (104 N.E. 2d at 18):

> It should be borne in mind that in the instant case the estate which the widow takes passes to her not by the will but as a result of her election not to take under the will. By reason of such election she takes under the statute of descent and distribution and, therefore, the provisions of the will are entirely immaterial in the determination of her rights.

This Court is further persuaded by the recent case of *Weeks* v. *Vanderveer, supra,* that *Campbell* v. *Lloyd, supra,* announced a new doctrine on the question of whether under Ohio law a widow can take her portion free of Federal estate taxes and was not merely a limited departure in this respect from *Miller* v. *Hammond, supra.*

In *Weeks* v. *Vanderveer, supra,* the decedent's spouse elected to take against the will and argued that she should take free of the estate tax burden because of a tax clause in the will, which authorized the executors to pay from the residuary estate all estate and inheritance taxes regardless of whether the property passed under the will. It was con-

---

[4] It might be pointed out that the provision as to Federal estate taxes in decedent's will in the instant case are ambiguous. One clause reduces the portion of the residuary estate to be placed in the trust created for the spouse by Federal estate tax and another clause provides that all such taxes shall be paid from the residuary estate. However, we need not consider the effect of this ambiguity because of the conclusion we reach otherwise in this case.

# 104

ceded that the widow would benefit under the provision if it were operable. However, the court held that a testator lacks the power to benefit his widow who elects to take against the will, by the manner in which he chooses to provide for payment of taxes stating that "the presence or absence of a tax provision in the will of the testator cannot be permitted to alter the statutory share of a surviving spouse electing to take against the will."

Petitioner argues that *Weeks* v. *Vanderveer, supra,* represents such a substantial departure from prior Ohio law that it should be disregarded, as not being the law of Ohio at the time of death of decedent, when all incidents of the estate tax become fixed. We disagree with petitioner, however, and are of the opinion that *Weeks* v. *Vanderveer, supra,* was merely the reasonable extension and corollary of *Campbell* v. *Lloyd, supra,* and could have been reasonably anticipated. It should be pointed out that *Weeks* v. *Vanderveer, supra,* overruled and in fact found it necessary to distinguish no prior decision of the Ohio Supreme Court. In addition *Weeks* v. *Vanderveer, supra,* relied heavily on *Campbell* v. *Lloyd, supra.* In light of these cases we conclude that under Ohio law, the widow's portion of the estate is not to be passed to her free from inheritance and estate tax burden. Since her portion of the estate must bear a pro rata portion of the estate taxes, its value must be reduced by a similar amount in computing the marital deduction under section 2056. Accordingly, we find for the respondent on the issue here presented.

*Decision will be entered under Rule 50.*