151 T.C. No. 10

UNITED STATES TAX COURT

ESTATE OF CLYDE W. TURNER, SR., DECEASED, W. BARCLAY
RUSHTON, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 18911-08.                    Filed November 20, 2018.

Decedent (D) transferred property to a family limited partnership (FLP) in exchange for general and limited partnership interests and then transferred portions of his limited partnership interest as gifts during his lifetime. In Estate of Turner v. Commissioner, T.C. Memo. 2011-209, we held that the inter vivos transfer of property to the FLP was subject to I.R.C. sec. 2036. In Estate of Turner v. Commissioner, 138 T.C. 306 (2012), we held that D's estate is not entitled to a marital deduction with respect to the value of certain property included in D's gross estate under I.R.C. sec. 2036 because the property was the subject of lifetime gifts and did not pass to D's surviving spouse.

_____

[*]This Opinion supplements our previously filed Opinion in Estate of Turner v. Commissioner, 138 T.C. 306 (2012), supplementing T.C. Memo. 2011-209.

Under I.R.C. sec. 2036 the value of the property transferred to the FLP is included in D's gross estate and results in Federal estate and State death tax liabilities. D's estate's liability for Federal estate and State death taxes arises solely because of the I.R.C. sec. 2036 inclusion.

R filed computations and amended computations for entry of decision pursuant to Rule 155, Tax Court Rules of Practice and Procedure. D's estate objected. The parties disagree as to (1) whether D's estate must reduce the I.R.C. sec. 2056 marital deduction by the amounts of the Federal estate and State death taxes owed that R claims must be paid from estate assets passing to the surviving spouse (marital deduction property) and (2) whether D's estate may increase the marital deduction by postdeath income that was not included in the gross estate but was generated by marital deduction property.

Held: D's estate is not required to reduce the marital deduction by the amounts of the Federal estate and State death taxes it owes because (1) those taxes are attributable solely to the value of property included in the gross estate under I.R.C. sec. 2036, (2) the executor has a right under I.R.C. sec. 2207B to recover from the beneficiaries who received the property during D's lifetime an amount equal to the Federal estate and State death taxes plus interest attributable to those transfers, and (3) the executor must exercise the right of recovery under I.R.C. sec. 2207B to prevent the marital deduction property from bearing D's estate's tax burden contrary to D's intent.

Held, further, D's estate may not increase the marital deduction by the amount of postdeath income generated by the marital deduction property.

Charles E. Hodges II and Rose K. Drupiewski, for petitioner.

Caroline R. Krivacka and William Walter Kiessling, for respondent.

SUPPLEMENTAL OPINION

MARVEL, Judge:  This matter is before the Court on the objection by the Estate of Clyde W. Turner, Sr. (estate), to respondent's proposed amended computation for entry of decision submitted in response to our holdings in Estate of Turner v. Commissioner (Estate of Turner I), T.C. Memo. 2011-209, supplemented by Estate of Turner v. Commissioner (Estate of Turner II), 138 T.C. 306 (2012).  The parties ask the Court to resolve the continuing controversy regarding the computation of the marital deduction under section 2056.[1]  The Court held a hearing, and counsel for both parties appeared and were heard.

The parties' arguments regarding the correct computation of the marital deduction require the Court to decide two questions:  (1) whether the estate is required to reduce the marital deduction by the amounts of Federal estate and State death taxes it owes when those taxes are attributable to the values of gifts made during decedent's lifetime but included in the gross estate by reason of section 2036 (sometimes referred to as section 2036 assets) and (2) whether the estate is entitled to increase the marital deduction by postdeath income, generated by estate

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect for the date of decedent's death, and Rule references are to the Tax Court Rules of Practice and Procedure.

assets, that was reported on Form 1041, U.S. Income Tax Return for Estates and Trusts, and paid to the surviving spouse.

Background

We adopt the findings of fact in Estate of Turner I and Estate of Turner II. For convenience and clarity, we repeat the necessary facts below.

Clyde W. Turner, Sr. (Clyde Sr.), resided in Georgia when he died testate on February 4, 2004. Estate of Turner I, slip op. at 2. W. Barclay Rushton is the executor of the estate. Id. Mr. Rushton resided in Georgia when he petitioned this Court on behalf of the estate. Id.

On April 15, 2002, Clyde Sr. and his wife, Jewell H. Turner,[2] established Turner & Co., a family limited partnership (FLP) that qualified as a Georgia limited liability partnership. Id. at 8. Upon the formation of the FLP, Clyde Sr. and Jewell each contributed assets with a fair market value of $4,333,671 (total value of $8,667,342) to the FLP. Estate of Turner II, 138 T.C. at 311-312. In exchange, each received a 0.5% general partnership interest and a 49.5% limited partnership interest. Id. By January 1, 2003, Clyde Sr. had transferred, in the

---

[2]Jewell H. Turner died on July 8, 2007, and a related case, Estate of Turner v. Commissioner, docket No. 29411-11, involving her estate is pending. For purposes of this Opinion, we refer to Jewell and/or her estate collectively as Jewell.

aggregate, limited partnership interests totaling 21.7446% to family members as gifts.

In Estate of Turner I, slip op. at 52-53, we held, inter alia, that under section 2036 the value of the property that Clyde Sr. had transferred to the FLP must be included in the value of his gross estate. In Estate of Turner II, 138 T.C. at 306-307, we held that the estate is not entitled to a marital deduction for the value of the property that was brought back into the gross estate by section 2036 (sometimes referred to as the section 2036 inclusion).

Before we filed our report in Estate of Turner II, we received and filed respondent's computation for entry of decision (first computation). Respondent calculated that the estate owed an estate tax deficiency of $362,822.44. After we filed our report in Estate of Turner II, the estate filed a notice of objection to the first computation, presenting two alternative computations. Respondent filed a response to the estate's notice of objection.

On August 6, 2012, with leave of Court, respondent filed an amended computation for entry of decision (amended computation). As respondent explained in the motion for leave to file the amended computation, in the first computation he allowed a deduction for the interest on the estate tax but did not correspondingly reduce the marital deduction by that amount. According to

respondent, the amended computation corrects that mistake. Respondent's amended computation shows an estate tax deficiency of $513,820.61.

The estate filed a notice of objection to respondent's amended computation, which presented two alternative computations: Option 1 shows an estate tax deficiency of $144,136, and option 2 shows an estate tax deficiency of $341,073. After concessions,[3] the parties disagree as to (1) whether the estate must reduce the marital deduction by the amounts of the Federal estate and State death taxes (and related interest) it owes and (2) whether the estate may increase the marital deduction by the amount of postdeath income that was not included in the calculation of the gross estate but was instead reported on Form 1041 and distributed to the surviving spouse.

---

[3]A comparison of the estate's objections to the first and amended computations shows that the estate no longer disagrees that $523,143 of funeral and legal and accounting expenses reduces the marital deduction. Respondent concedes that interest on the State death tax is deductible. During the hearing the estate conceded that, as of the hearing date, expenses reportable on Schedule J, Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims, and Schedule K, Debts of the Decedent, and Mortgages and Liens, of Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, totaled $523,143 and that the estate is not entitled to deduct $7,485 of legal and accounting fees. The estate also concedes that the marital deduction should be reduced by $24,606, the amount of expenses claimed on Form 1041 that were charged to residue.

Respondent filed a response to the estate's notice of objection to respondent's amended computation. The estate, with leave of Court, filed a reply, and respondent filed his response to the estate's reply to respondent's amended computation. The parties' evolving positions are described below.

## Discussion

### I. Federal Estate and State Death Taxes

The parties agree that the only taxable portion of the estate is the portion attributable to the section 2036 inclusion. The parties disagree as to whether the estate should reduce the marital deduction by the resulting Federal estate and State death tax liabilities (including interest). Respondent's position is that the estate must reduce the marital deduction by the amounts of Federal estate and State death taxes the estate must pay because the only property available to fund the payments is property that would otherwise pass to Jewell and qualify for the marital deduction. Citing the estate's section 2207B right of recovery, the estate disagrees.

We start with the basics of subchapter A of subtitle B of the Code. Section 2001(a) imposes a tax on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. Section 2031(a) provides that the value of the decedent's gross estate includes the values of interests described in

sections 2033 through 2045. An estate may deduct from the value of the gross estate the value of certain property passing from the decedent to his or her surviving spouse (marital deduction). See sec. 2056(a). As relevant to this case, section 2056(b)(4) provides that in determining the value of any interest in property passing to the surviving spouse for which a marital deduction is allowed, we must take into account "the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest". Section 2010 allows an estate a credit (unified credit) that reduces its estate tax liability.

Section 2002 requires the executor of the estate to pay the estate tax. Regardless of the source of funds the executor uses to pay the estate tax, however, an issue remains regarding which beneficiary's interest bears the financial burden of the tax. Often the decedent's will provides guidance to the executor regarding how the executor should allocate the tax burden among the heirs, but the parties agree that Clyde Sr.'s will has no express provision regarding Federal estate and State death taxes or their apportionment, and we so find.[4]

---

[4]These findings of fact supplement our findings of fact in Estate of Turner I and Estate of Turner II.

When a decedent fails to specify how an estate's tax liabilities should be allocated, State law governs the manner in which those tax liabilities are allocated among estate assets. See Riggs v. Del Drago, 317 U.S. 95, 100-101 (1942). The parties agree that under Georgia law, the Federal estate and State death taxes and accompanying interest are paid from the residue.[5] See Ga. Code Ann. sec. 53-4-63(a) (West 1996).

In an effort to identify and define the residue, the parties focus on Items Eight and Nine of Clyde Sr.'s will. Item Eight expresses Clyde Sr.'s intent to leave assets to Jewell undiminished by any estate, inheritance, succession, death, or similar taxes and having a value "equal to the maximum marital deduction".[6]

_____

[5]The term "residue" as it relates to a decedent's estate generally means "the property comprising a decedent's estate after payment of the estate's debts, funeral expenses, costs of administration, and all specific and demonstrative bequests". Bryan A. Garner, A Dictionary of Modern Legal Usage 762 (2d ed. 1995) (quoting Concise Dictionary of Law (2d ed. 1990)).

[6]The relevant portion of Item Eight of Clyde Sr.'s will reads as follows:

If Jewell survives me and if there is a federal estate tax in effect at the time of my death, I give, devise and bequeath to her cash, securities or other property of my estate (undiminished by any estate, inheritance, succession, death or similar taxes) having a value equal to the maximum marital deduction as finally determined in my federal estate tax proceedings, less the aggregate amount of marital deductions, if any, allowed for such tax purposes by reason of property or interests in property passing or which have passed to my

(continued...)

Item Nine of Clyde Sr.'s will provides for the establishment of a trust for the benefit of the children and grandchildren of Clyde Sr. and Jewell if certain conditions are met.[7] Because of the reference in Item Nine to "the rest, residue

---

[6](...continued)
said wife otherwise than pursuant to the provisions of this Item; provided, however, the amount of this bequest shall be reduced by the amount, if any, needed to increase my taxable estate (for federal estate tax purposes) to the largest amount that, after allowing for the unified credit against the federal estate tax, and the state death tax credit against such tax (but only to the extent that the use of such state death tax credit does not increase the death tax payable to any state), will result in the smallest, if any, federal estate tax being imposed on my estate. * * *

[7]Item Nine of Clyde Sr.'s will states:

If Jewell survives me, I give, devise and bequeath all the rest, residue and remainder of my property of every kind and description (including lapsed legacies and devises), wherever situated and whether acquired before or after the execution of this Will, to the Trustee hereinafter named, to be held, administered and distributed as follows:

(A) Commencing with the date of my death, my Trustee shall pay to or apply for the benefit of my wife and my issue such sums from the principal of and income from this Trust in such shares and proportions as in its sole discretion shall be necessary or advisable from time to time for the medical care, education, support and maintenance in reasonable comfort of my said wife and my issue, taking into consideration (to the extent my Trustee deems advisable) any other income or resources of my said wife and my issue known to my Trustee. * * *

and remainder" of property, the estate contends that Item Nine is the residuary clause of the will. The estate argues that the assets passing to the trust under Item Nine and not the assets passing to Jewell under Item Eight must bear the burden of the Federal estate and State death taxes and other expenses. Respondent argues that because of the section 2036 inclusion, the unified credit has been fully used and no trust under Item Nine comes into existence. Respondent urges us to conclude that the property passing to Jewell under Item Eight is the residue and is the only source available to pay the estate's tax liabilities.

The parties' argument regarding which provision of the will constitutes the residuary clause, however, fails to focus on important facts in this case. Items Eight and Nine of Clyde Sr.'s will in effect require the executor to distribute to Jewell all property qualifying for the marital deduction unless a credit bypass trust was necessary to take advantage of the unified credit available to the estate. Pursuant to these provisions, the estate reported on the Form 706 that an 18.8525% FLP interest was allocated to Jewell pursuant to Item Eight of Clyde Sr.'s will, and the remaining 8.9029% FLP interest was allocated to a credit bypass trust pursuant to Item Nine of the will. See Estate of Turner II, 138 T.C. at 312.

Because we held in Estate of Turner I that the value of the section 2036 assets must be included in the value of the gross estate, the allocations described above have changed. The section 2036 inclusion exhausted the unified credit under section 2010 and generated an estate tax liability. Because the unified credit has been fully used, it is no longer necessary to fund a credit bypass trust under Item Nine of Clyde Sr.'s will, and respondent's first and amended calculations correctly reflect this. In fact, both parties' computations recognize that (1) the trust under Item Nine has not been and will not be established or funded and (2) Jewell is entitled to a distribution of the value of any property interest included in the estate (except the section 2036 assets that Clyde Sr. transferred during his lifetime) adjusted as legally required.

The problem we must solve here arises from the section 2036 inclusion. That inclusion created Federal estate and State death tax liabilities, but the only assets presently available to the executor from which he can pay the liabilities are assets that should pass to Jewell and which qualify for the marital deduction. Respondent argues that, because Clyde Sr. transferred the section 2036 assets during his lifetime and those assets are not available to the executor to fund the payment of the Federal estate and State death tax liabilities, the assets that would otherwise pass to Jewell and qualify for the marital deduction are the only source

of payment available to the estate and some part of those assets must be used to pay the liabilities, thereby reducing the marital deduction. In respondent's view, Jewell is the only heir and the assets cannot pass to her undiminished by taxes as Item Eight of the will mandates. Accordingly, respondent contends, because the marital deduction is available only with respect to assets actually passing from the decedent to the surviving spouse, see sec. 2056(a); sec. 20.2056(a)-1(a), (b)(1)(ii), Estate Tax Regs., the marital deduction must be reduced to account for the assets used to pay Federal estate and State death taxes and related interest.

The estate disagrees and points to section 2207B, which provides in part:

> SEC. 2207B(a). Estate Tax.--
>
> (1) In general.--If any part of the gross estate on which tax has been paid consists of the value of property included in the gross estate by reason of section 2036 (relating to transfers with retained life estate), the decedent's estate shall be entitled to recover from the person receiving the property the amount which bears the same ratio to the total tax under this chapter which has been paid as--
>
> (A) the value of such property, bears to
>
> (B) the taxable estate.
>
> (2) Decedent may otherwise direct.--Paragraph (1) shall not apply with respect to any property to the extent that the decedent in his will (or a revocable trust) specifically indicates an intent to waive any right of recovery under this subchapter with respect to such property.

The estate contends that under section 2207B, the recipients of the section 2036 assets during Clyde Sr.'s lifetime bear the burden of any taxes attributable to the section 2036 inclusion. We agree.

Section 2207B is one of several Code sections that provide for a right of recovery for certain types of property or dispositions.[8] Unless the will of a Georgia decedent expressly directs otherwise, Georgia law does not limit any rights to reimbursement for Federal estate taxes and other taxes that may be available to the executor under Federal law. See Ga. Code Ann. sec. 53-4-63(e).

As discussed above, Clyde Sr.'s will does not address the payment of taxes or their apportionment, nor does it express any intent regarding the right of recovery under section 2207B or any other right of recovery provision. This is not surprising because Clyde Sr. did not know that the Court would apply section 2036 to his lifetime transfers. Item Eight of Clyde Sr.'s will, however, clearly manifests his intention that the marital deduction not be reduced or diminished by

---

[8]Other right of recovery provisions are: (1) sec. 2206, which allows a right of recovery for taxes generated by the inclusion of life insurance proceeds in the decedent's gross estate; (2) sec. 2207, which provides for a right of recovery for taxes generated by property included in the gross estate by virtue of the decedent's having possessed a power of appointment; and (3) sec. 2207A, which provides for a right of recovery for the tax attributable to qualified terminable interest property assets.

the estate's tax liabilities.[9] It is reasonable to assume that Clyde Sr. would want his executor to take all steps necessary to ensure that the property passing to his surviving spouse and qualifying for the marital deduction not be impaired.[10]

---

[9]The parties do not address Estate of Wycoff v. Commissioner, 506 F.2d 1144 (10th Cir. 1974), aff'g 59 T.C. 617 (1973), but we find it appropriate to distinguish this case. In Estate of Wycoff v. Commissioner, 506 F.2d at 1146, the decedent's will created two trusts, one in favor of his wife and the other for the benefit of his son. The decedent directed that Federal estate and State death taxes be paid out of the portion of his estate that was not in the marital trust; but at the same time, he granted the executor discretion to pay these taxes out of the marital trust if the executor considered it prudent to do so. The U.S. Court of Appeals for the Tenth Circuit reasoned that although the will expressed a preference for payment from the part of the estate not included in the marital trust, the will contained no positive direction that Federal estate and State death taxes be paid from the part of the estate not included in the marital share. Id. at 1150. The Court of Appeals stated: "[A]s we view it such an express provision would be necessary to justify a ruling for the executor" and held that "§ 2056(b)(4) renders the marital share available to the surviving spouse subject to the payment of death taxes." Id. As a result, the Court of Appeals held that the value of the marital deduction had to be reduced by the amount of the applicable taxes.

Estate of Wycoff is distinguishable because the executor of the estate could choose from which trust to pay the expenses. In this case, however, Clyde Sr.'s will is silent as to the payment of taxes, and we have found that Clyde Sr. wanted to maximize the marital deduction and that the executor must exercise the right of recovery under sec. 2207B.

[10]Federal estate and State death taxes remain deductible expenses of the estate because the executor would be paying those taxes from assets included in the gross estate yet not actually owned by Clyde Sr. at death See sec. 20.2053-6(c)(1), Estate Tax Regs., which provides: "For the estates of decedents dying on or before December 31, 2004, no estate * * * tax payable by reason of the decedent's death is deductible, except as provided in §§ 20.2053-9 and 20.2053-10 with respect to certain state and foreign death taxes on transfers for charitable,

(continued...)

Respondent argues that the right of recovery under section 2207B cannot preserve the maximum marital deduction because the right of recovery can be exercised only after taxes have been paid. However, the fact that the estate may exercise the right of recovery under section 2207B only after the taxes have been paid does not require that the marital deduction be reduced by the tax payment amounts.

The process of administering an estate is multifaceted and can be quite complex and time consuming. It involves some or all of the following actions: the opening of a probate proceeding; the identification and valuation of a decedent's assets and liabilities; the preparation of required tax returns and probate papers; the payment of relevant liabilities and bequests; the resolution of any disputes affecting the estate, such as estate tax disputes and beneficiary litigation; and the distribution of the residue in accordance with a decedent's will or, if none, with applicable State intestacy laws. See generally 34 C.J.S. Executors & Administrators, sec. 212 (Westlaw 2018). In an estate that includes the value of section 2036 assets, an executor must find a way to pay the tax liabilities created by the section 2036 assets while dealing with the reality created by section 2036:

---

[10](...continued)
etc., uses. However, see sections 2011 and 2014 and the corresponding regulations with respect to credits for death taxes."

The actual section 2036 assets are not in the possession or control of the executor and cannot be used by the executor to pay the tax liabilities they create.

Section 2207B gives an executor a mechanism to replenish estate assets that the executor uses to pay the Federal estate and State death tax liabilities attributable to the values of the phantom section 2036 assets included in the estate. Because the value of the section 2036 assets is already included in the calculation of the gross estate, any recovery under section 2207B should not increase the gross estate but will enable the executor to distribute to the surviving spouse the net value of the estate, undiminished by the tax liabilities attributable to the section 2036 inclusion.

Respondent also argues that the effect of failing to reduce the marital deduction by the tax liabilities attributable to the section 2036 assets is to shelter from the estate tax the property brought into a decedent's estate pursuant to section 2036. Respondent states that "this would effectively undo what has been accomplished by I.R.C. § 2036." Respondent points out that if the executor pursues the recovery, the subsequent recovery of the estate tax amount makes the beneficiary who bore the burden whole.

Respondent cites section 20.2056(b)-4(c)(1), Estate Tax Regs., in support of his argument. That section provides: "In the determination of the value of any

property interest which passed from the decedent to his surviving spouse, there must be taken into account the effect which the Federal estate tax, or any estate, succession, legacy, or inheritance tax, has upon the net value to the surviving spouse of the property interest." However, it does not support respondent's position because its application turns on whether the Federal estate tax has an effect upon the net value of the property interest passing to the surviving spouse.

The regulation does not state that the Federal estate tax always has an effect on the net value of the surviving spouse's interest. The examples in the regulation support a more limited and nuanced application of the regulation. Section 20.2056(b)-4(c)(2), Estate Tax Regs., explains that if the decedent's only bequest to the surviving spouse is $100,000 and the spouse is required to pay a State inheritance tax of $1,500, the value of the marital deduction is $98,500. Unlike in the case at hand, in this example it is the spouse, and not the executor of the estate, who is required to pay a State death tax.

Section 20.2056(b)-4(c)(3), Estate Tax Regs., addresses a situation where a decedent devised real property to his surviving spouse and also bequeathed to her a nondeductible interest for life under a trust. In this example, the State of residence imposed an inheritance tax with respect to the two interests. Again, the example assumes that the surviving spouse bears the burden of paying the

inheritance tax liability and concludes that the tax payment reduces the marital deduction.

Section 20.2056(b)-4(c)(4), Estate Tax Regs., further supports the conclusion that in evaluating the effect of the Federal estate tax upon the value of the interest passing to the surviving spouse, the regulation applies only when the surviving spouse's share bears the tax burden. It provides:

> If the decedent bequeaths his residuary estate, or a portion of it, to his surviving spouse, and his will contains a direction that all death taxes shall be payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, is based upon the amount of the residue as reduced pursuant to such direction. If the residuary estate, or a portion of it, is bequeathed to the surviving spouse, and by the local law the Federal estate tax is payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, may not exceed its value as reduced by the Federal estate tax. * * *

Unlike the examples discussed above, because of section 2207B the estate tax burden in this case is not imposed on the surviving spouse's share of the estate and does not require a reduction in the marital deduction. Consequently, we conclude that respondent's reliance on section 20.2056(b)-4(c), Estate Tax Regs., is misplaced.

Under section 2036 the gross estate includes the values of the section 2036 assets that Clyde Sr. transferred during his lifetime. The fact that property that

might otherwise go to the surviving spouse would be used to pay the estate tax liabilities attributable to the section 2036 assets does not compel a conclusion that the marital deduction must be reduced. The estate is entitled to recover from the recipients of section 2036 assets during Clyde Sr.'s lifetime an amount equal to the liability attributable to the section 2036 inclusion that the estate pays. That recovery will enable the estate to distribute to the surviving spouse property value undiminished by the tax payments. Section 20.2056(b)-4(c), Estate Tax Regs., does not require a different result when the Federal estate and State death taxes have no effect upon the net value distributable to the surviving spouse. See, e.g., Estate of Gill v. Commissioner, T.C. Memo. 2012-7 (marital deduction not reduced where marital deduction property does not bear the economic burden of the tax). Accordingly, we hold that the estate need not reduce the marital deduction by the amount of Federal estate and State death taxes it must pay because the tax liabilities are attributable to the section 2036 assets, the estate has the right to recover the amount paid under section 2207B, and the estate must exercise that right to recover to give effect to Clyde Sr.'s intention that Jewell receive her share of the estate undiminished by the estate's tax obligations.

Respondent makes an additional argument that focuses on the interest owed on the Federal estate tax liability. Respondent contends that under section

20.2056(b)-4, Estate Tax Regs., the estate tax interest expense is a transmission expense,[11] and therefore it reduces the residue and correspondingly reduces the marital deduction. However, under section 2207B(c), "[i]n the case of penalties and interest attributable to the additional taxes described in subsection (a), rules similar to the rules of subsections (a) and (b) [of section 2207B] shall apply." Accordingly, the amount that the estate is entitled to recover from the section 2036 asset recipients includes applicable interest.

## II.    Postdeath Income

Relying on section 20.2056(b)-4(d)(1)(iii), Estate Tax Regs., the estate contends that the marital deduction should be increased by the amount of income generated by estate assets, i.e., postdeath income, allocated to the marital share.[12] Respondent disagrees. According to respondent, income from estate assets, which was reported on the Form 1041, was not included in the gross estate and therefore is not a deductible interest within the meaning of section 20.2056(a)-1(a) and (b),

---

[11]Sec. 20.2056(b)-4(d)(1)(ii), Estate Tax Regs., defines estate transmission expenses as "expenses that would not have been incurred but for the decedent's death and the consequent necessity of collecting the decedent's assets, paying the decedent's debts and death taxes, and distributing the decedent's property to those who are entitled to receive it."

[12]The estate contends, and respondent does not appear to dispute, that the amount of postdeath income as of the hearing date was $159,391.

Estate Tax Regs. Section 20.2056(a)-1(a), Estate Tax Regs., provides: "A deduction is allowed under section 2056 from the gross estate of a decedent for the value of any property interest which passes from the decedent to the decedent's surviving spouse if the interest is a deductible interest as defined in § 20.2056(a)-2." See also sec. 20.2056(a)-1(b)(1)(iii), Estate Tax Regs. (property interest qualifying for the marital deduction must be a deductible interest). Section 20.2056(a)-2(b), Estate Tax Regs., defines deductible interests as interests that do not fall within one of the categories of "nondeductible interests" described in section 20.2056(a)-2(b)(1) through (4), Estate Tax Regs. Section 20.2056(a)-2(b)(1), Estate Tax Regs., provides that "[a]ny property interest which passed from the decedent to his surviving spouse is a 'nondeductible interest' to the extent it is not included in the decedent's gross estate." In respondent's view, because the postdeath income was not included in the gross estate here, it cannot increase the marital deduction.

We start and end our analysis with the relevant estate tax provisions. Section 2001(a) imposes a tax on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. The value of the gross estate is determined by adding the value of all property owned by the decedent at the time of death. Sec. 2031(a). The taxable estate is then determined by

subtracting certain deductions from the value of the decedent's gross estate. Sec. 2051. Among the deductions allowed is the marital deduction under section 2056.

Section 2056(a) provides that the value of the taxable estate shall be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property that passes or has passed from the decedent to a surviving spouse. It contains an important caveat: The marital deduction is permitted "only to the extent that such interest is included in determining the value of the gross estate." Sec. 2056(a).

Any income that estate assets may generate after the date of the decedent's death must be reported as ordinary income for Federal income tax purposes and income tax paid as appropriate. Secs. 1(e), 641, 6012. The income earned by an estate during the estate's administration is not included in the gross estate and is not subject to Federal estate tax. See Estate of Horne v. Commissioner, 91 T.C. 100, 103 (1988).

Section 20.2056(b)-4(d), Estate Tax Regs., is part of a broader set of regulations that explain how the marital deduction is calculated. The regulation provides rules for determining the effect of administration expenses upon the marital deduction. It defines three terms used in determining the effect of administration expenses--management expenses, transmission expenses, and

marital share. For purposes of section 20.2056(b)-4(d), Estate Tax Regs., marital share is defined as "the property or interest in property that passed from the decedent for which a deduction is allowable under section 2056(a)." Sec. 20.2056(b)-4(d)(1)(iii), Estate Tax Regs. Marital share "includes the income produced by the property or interest in property during the period of administration if the income, under the terms of the governing instrument or applicable local law, is payable to the surviving spouse or is to be added to the principal of the property interest passing to, or for the benefit of, the surviving spouse." Id.

The estate contends that section 20.2056(b)-4(d)(1)(iii), Estate Tax Regs., entitles the estate to increase the marital deduction by the amount of income earned after Clyde Sr.'s death during the administration of the estate because the regulation provides that the income is included in the marital share. Respondent disagrees for two reasons. First, the postdeath income interest is not a deductible interest under the regulation because it was not included in the gross estate. Second, the estate misreads section 20.2056(b)-4, Estate Tax Regs., because it fails to consider it in context.

Respondent notes that paragraph (d) was added to section 20.2056(b)-4, Estate Tax Regs., in 1999 in response to the Supreme Court's opinion in

Commissioner v. Estate of Hubert, 520 U.S. 93 (1997). In Commissioner v. Estate of Hubert, 520 U.S. at 111, the Supreme Court, relying on a prior regulation, held that the estate was not required to reduce marital and charitable deductions by the amount of administration expenses paid from income generated by assets allocated to marital and charitable bequests. Under the regulation as applicable in Estate of Hubert, "[i]n determining the value of the interest in property passing to the spouse account must be taken of the effect of any material limitations upon her right to income from the property." Sec. 20.2056(b)-4(a), Estate Tax Regs. (as in effect in 1996). The Department of the Treasury subsequently amended the regulation to delete the "material limitations" standard, see T.D. 8846, 1999-2 C.B. 679, 682, and to introduce the principles for evaluating the effect of administration expenses upon the marital deduction that are currently found in section 20.2056(b)-4(d), Estate Tax Regs.

Section 20.2056(b)-4(d)(2) through (4), Estate Tax Regs., classifies expenses into three categories: transmission expenses, management expenses attributable to the marital share, and management expenses not attributable to the marital share. It also provides three rules for taking into account the effect of those expenses. First, for purposes of determining the marital deduction, if transmission expenses are paid from the marital share, the value of the marital

share is reduced by the amount of the estate transmission expenses.  See sec. 20.2056(b)-4(d)(2), Estate Tax Regs.  Second, the value of the marital share is not reduced by the amount of the estate management expenses attributable to and paid from the marital share.[13]  See id. subpara. (3).  Third, for purposes of determining the marital deduction, the value of the marital share is reduced by the estate management expenses that are paid from the marital share but attributable to a property interest not included in the marital share.  See id. subpara. (4).

The estate points to the definition of "marital share" in section 20.2056(b)-4(d)(1)(iii), Estate Tax Regs., as the authority for increasing the marital deduction by the amount of postdeath income allocated and paid to the surviving spouse.  At first blush, the estate would appear to be right.  But while portions of section 20.2056(b)-4(d), Estate Tax Regs., are confusing, we will accept respondent's contention that marital share is defined solely for the purpose of calculating the effect of administration expenses on the marital deduction.  It does not purport to increase the marital deduction otherwise allowable under section 2056, nor could it.  Section 2056(a) limits the marital deduction to the value of the interest that is

---

[13]Pursuant to sec. 2056(b)(9), however, the allowable marital deduction must be reduced by the amount of any such management expenses that are deducted under sec. 2053 on the decedent's Federal estate tax return.  Sec. 20.2056(b)-4(d)(3), Estate Tax Regs.

included in the value of the gross estate. Income produced by the estate's assets after the decedent's death is not included in the calculation of the gross estate and therefore does not increase the marital deduction allowable under section 2056. See also sec. 20.2056(a)-1(a), Estate Tax Regs. Accordingly, although the postdeath income may increase the "marital share" under specified circumstances for purposes of calculating the impact of administration expenses on the marital deduction under section 20.2056(b)-4(d)(1)(iii), Estate Tax Regs., it does not, and cannot, increase the amount of the marital deduction otherwise allowable under section 2056 and related regulations. We hold that the estate may not increase the marital deduction by the amount of postdeath income generated by assets passing to Jewell.

We have considered the remaining arguments of both parties for results contrary to those expressed herein and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order will be issued.